STEWART v. THE CITY OF COUNCIL BLUFFS.

1. **Municipal Corporations:** POWER TO CONTRACT: RIGHT OF WAY.
A municipal corporation has the authority to employ a third person, not
an officer or regularly constituted agent, to negotiate for it in procuring
a right of way for a ditch, and to agree to pay him a specified amount
for such service; and if the person so employed procured a deed for the
right of way and tendered it to the city before being notified of the
abandonment of the improvement by the city, he would be entitled to
recover the amount so agreed upon.

*Appeal from Pottawattamie Circuit Court.*

MONDAY, JUNE 12.

ACTION upon an agreement to issue to the plaintiff a war-
rant for $700. The facts of the case are stated largely in an
opinion filed in the case upon a former appeal, 50 Iowa, 668.
The city being about to construct a ditch, and needing a
right of way through lands belonging to the C., R. I. & P.
R. Co., employed the plaintiff to obtain the right of way at
his own expense, agreeing to give him therefor a warrant
for $700. He procured a deed of the right of way and tend-
ered it to the city, but the city refused to recieve it, and de-
cided to abandon the construction of the contemplated ditch.
This action is brought to recover the amount of the warrant
and interest. There was a trial without a jury and judgment
was rendered for the plaintiff. The defendant appeals.

*G. A. Holmes,* for appellant.

*Sapp & Lyman,* for appellee.

ADAMS, J.—It was held upon the former appeal that the
city had the power to make the improvement if necessary for
the health and safety of the city, and that it had the power

1. MUNICIPAL corporations: power to con-tract: right of way. to incur such reasonable expense as might be
necessary to obtain the right of way. The case,
as now before us, is submitted upon an agreed

Stewart v. The City of Council Bluffs.

statement of facts. The statement shows that the object of the improvement was "the better protection of the persons and. the property of the city." It also shows that the defendant had been unable to procure from the C., R. I. & P. R. Co., a right of way for such sum as it was willing to pay; that thereupon it employed the plaintiff to obtain the right of way, and agreed that if he would do so to issue to him a warrant for $700. We see no reason why, if the city was unable to procure the right of way advantageously through a direct negotiation by its officers, it might not do so by employing a third-person to negotiate for it, who might be a more skillful negotiator, or might bring influences to bear upon the railroad company which the city could not command. The contract then was not, we think, as the city contends, one which it was beyond the power of the city to make.

But it is said that the city had a right to abandon the construction of the improvement, and did abandon it, and having abandoned it, it did not need the right of way, and ought not to be held liable to pay the plaintiff for obtaining it.

Possibly, if the city had abandoned the improvement, and notified the plaintiff that it did not need the right of way, before he had expended any time, labor or money in obtaining it, he could not have recovered more than nominal damages. But it does not appear that the city fully determined to abandon the construction of the improvement, until after the plaintiff had procured the deed of the right of way and tendered it to the city.

Finally, it is insisted that the plaintiff in any event is not entitled to recover the amount agreed to be paid him by the city, unless it is made to appear that the right of way cost him that amount in money or property, and that the agreed statement of facts does not show that it cost him anything in money or property.

This position we think must be predicated upon the idea

that the city had not the power to bind itself to pay a specified sum. But as we have held that it had, the sum agreed to be paid constitutes the measure of its liability.

AFFIRMED.