FRANCIS CHILD, PROSECUTOR, v. BOARD OF COMMIS-
SIONERS OF THE CITY OF NEWARK, NEW JERSEY;
HOWARD L. HAINES AND H. L. H. HOLDING COM-
PANY, A CORPORATION, DEFENDANTS.

Argued May 6, 1930—Decided July 16, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the prosecutor, *Child & Shipman.*

For the defendant city of Newark, *Frank A. Boettner* and *J. Harry Henegan.*

For the defendants Howard L. Haines and H. L. H. Holding Company, *Riker & Riker* and *Theodore McC. Marsh.*

PER CURIAM.

A taxpayer seeks to review an ordinance of the city of Newark, ratifying the employment of the H. L. H. Holding Company as broker in leasing the Center and Farmers' Market properties in that city, and fixing compensation for the services rendered. The premises were leased for fifty years at an aggregate rental of $20,000,000. Commissions amounting to $200,000 are payable in six annual installments as and when installments of rent are paid.

The lease is highly advantageous to the city. It provides a large revenue and relieves the city of heavy maintenance charges. The value of the brokers' services is not questioned nor the reasonableness of their commissions. The validity of the action of the city is challenged on the ground that it may not employ brokers, and further that the ordinance is invalid.

The legislature (*Pamph. L.* 1928, *p.* 386), authorized first class cities, of which Newark is one, to lease municipal lands and buildings for fixed terms not exceeding fifty years. Pursuant to this authority the lease in question was procured through the activities of the H. L. H. Holding Company.

Under the "Home Rule act" under which Newark is governed (*Pamph. L.* 1917, *pp.* 319 *et seq.,* by section 1 (c) of article 14, *Pamph. L., pp.* 352, 353; 2 *Cum. Supp. Comp. Stat., p.* 2145), authority is given to employ those persons necessary for the proper and efficient conduct of its affairs,

and this power the legislature specifies (*Pamph. L.* 1917, *art.* 37, § 26, at *p.* 463) is to be construed most favorably to the municipality. Cities and municipal boards may employ and pay commissions to architects for public buildings. *Carling* v. *Jersey City,* 71 *N. J. L.* 154; *Weber* v. *Atlantic City,* 102 *Id.* 79. Special counsel may be employed for special purposes. *Byrne* v. *Wildwood,* 95 *N. J. L.* 287. Stenographers may be employed to take testimony. *State, ex rel. Salmon* v. *Haynes,* 50 *N. J. L.* 97. Auditors may be employed. *Heston* v. *Atlantic City,* 93 *Id.* 317.

It, therefore, seems that where a municipality has the power to lease lands it has the power to employ the necessary real estate brokers. That the city acted wisely, and that the brokers secured an excellent result is not questioned. Land which had caused a loss to the city was converted into a large source of revenue. The services rendered by the brokers were strikingly similar to those rendered by architects who take from their store of knowledge a design for a beautiful and useful building and produce, by reason of their skill and initiative, a productive and useful property.

The city employed the brokers without competitive bidding and such course was proper. *Heston* v. *Atlantic City, supra.* The services to be rendered were of such a character as not to require competitive bidding. Further, the interest of the city was served by the quality of the service rather than the cost thereof. *Reade* v. *Asbury Park,* 101 *N. J. L.* 319.

Section 6 of the Home Rule act as added by *Pamph. L.* 1918, *p.* 479, has no application to the situation before us. The brokerage commissions are to be paid out of the rents as they are paid in the first six annual installments. They are payable out of the rentals and not otherwise, and are hence not to be met from city funds.

The writ will be denied.