This is an action to recover on a policy of insurance issued by the defendant on the life of Sam Epps, deceased, in which plaintiff is named as beneficiary.
The action was tried in the county court of Forsyth County before Efird, J., and a jury.
It is provided in the policy that "no benefits will be paid for death resulting within two years from suicide, immorality, intemperance, or as a punishment for violation of the law, or death caused by the beneficiary, or caused wholly or in part by the intentional act of any person (assault committed on the insured for the sole purpose of burglary, or robbery excepted), but in all of the above events the beneficiary shall in case of the death of the insured be entitled to receive the reserve held for this policy according to the American Experience Table and 3 1/2 per cent interest."
The only issue submitted to the jury was as follows:
"Was the death of Sam Epps caused wholly or in part by the intentional act of any person?"
All the evidence offered at the trial tended to show that Sam Epps, the insured, was shot and killed on the night of 6 December, 1930, by a police officer of the city of Winston-Salem, N.C.; that at the time he was shot by the police officer, Sam Epps was about to shoot another officer, who had been called upon to arrest him for a violation of the law; and that the act of the police officer who shot Sam Epps was intentional and not accidental. The officer testified that he did not intend to kill Sam Epps, but shot to prevent him from killing the other officer. *Page 696 
The policy of insurance on the life of Sam Epps was issued on 6 October, 1930. It had no reserve value at the date of his death on 6 December, 1930.
At the close of the evidence, the court instructed the jury that the burden of proof on the issue was upon the defendant, and that if the jury believed the evidence and found the facts to be as the evidence tended to show, they should answer the issue, "Yes." The jury answered the issue, "Yes."
From judgment that plaintiff recover nothing of the defendant, the plaintiff appealed to the judge of the Superior Court of Forsyth County. At the hearing of the appeal, the judgment was affirmed, and plaintiff appealed to the Supreme Court.
There was no error in the instruction of the judge of the county court to the jury.
The evidence for the defendant, uncontradicted by evidence for the plaintiff, tended to show that the death of the insured was caused by the act of the police officer, and that this act was intentional, and not accidental, as contended by the plaintiff. It is immaterial that the officer did not intend to kill the insured; he did intend to shoot him, and this was the act which caused his death.
The provision of the policy on which the defendant relied, is valid. 1 C. J., sec. 101, page 442, and cases cited in support of the text. See, also, 56 A.L.R., note page 685. There is no ambiguity in the language of this provision as applied to the facts of this case. The judgment is
Affirmed.