EFFIE DAILEY v. WASHINGTON NATIONAL INSURANCE COMPANY.

(Filed 20 November, 1935.)

**1. Trial H b—**

Where, upon trial by the court under agreement of the parties, the court fully and completely sets out the facts found by him and renders judgment thereon, an exception that the court did not state his findings of fact and conclusions of law separately as required by C. S., 569, cannot be sustained, since the judgment constitutes the court's conclusion of law on the facts found.

**2. Insurance E b—**

The provisions of a policy of life insurance limiting insurer's liability to a percentage of the face amount of the policy in case of disability or death resulting from rioting, fighting, resisting arrest, etc., are valid.

APPEAL by plaintiff from *Williams, J.,* at June Term, 1935, of WAKE. Action upon an insurance policy on the life of Wilbert Carson.

The policy contained the following provisions:

"(8) Death and/or disability due partly to accidental injury and partly to disease or bodily infirmity or to blood poison shall be classed as an illness and covered only under the health insurance and natural death clause provisions hereof, the original or exciting cause thereof notwithstanding."

"(10) In the event the insured, while this policy is in force, suffers death, disability, or other loss due directly or indirectly, wholly or in part, to any of the following: Evading arrest; injuries intentionally inflicted upon him by any person other than himself for any reason whatsoever, whether or not caused by an act of the insured; rioting; fighting; or strikes, whether or not the insured is engaged in same; then in all such cases the liability of the company shall be limited to 10 per cent of the amount otherwise payable under the provisions of this policy."

A jury trial was waived and it was agreed that the judge should hear the evidence, find the facts, and render judgment thereon. From judgment awarding plaintiff less than her claim, she appealed.

*D. Staton Inscoe for plaintiff.*
*A. W. Crawley and W. H. Yarborough, Jr., for defendant.*

PER CURIAM. Plaintiff's appeal presents two questions:

(1) Did the judge's decision contain a statement of facts found and the conclusions of law separately, as required by C. S., 569?

(2) Are the provisions in the policy limiting defendant's liability valid?

Both of these questions must be answered against the plaintiff. In his judgment Judge Williams set out the facts which he found, fully and in detail, and rendered judgment thereon constituting his conclusion of law. *Eley v. R. R.,* 165 N. C., 78. Provisions in policies limiting liability have been upheld in *Epps v. Ins. Co.,* 201 N. C., 695, and in *Reinhardt v. Ins. Co.,* 201 N. C., 785, and cases cited.

The judgment is

Affirmed.