CODY REALTY & MORTGAGE COMPANY v. CITY OF WINSTON-SALEM.

(Filed 3 January, 1940.)

**1. Municipal Corporations § 5—Powers of municipal corporations.**

A municipal corporation has only those powers expressly granted in its charter and by the general law, construing the acts together, and those powers reasonably implied in or incident to the granted powers which are necessary to effect the fair intent and purpose of its creation, and it may exercise a sound discretion as to the means by which the purposes of its creation may be accomplished.

**2. Municipal Corporations § 24—Municipality has power to employ real estate agent to procure responsible bidder at public sale.**

As incidental to the power of a municipal corporation to sell at public auction parcels of land acquired by it by foreclosure of tax and street assessment liens, C. S., 2688, 2787 (2), ch. 232, Private Laws of 1927, the municipality has the authority in the exercise of its discretion in determining the means for accomplishing this purpose, to employ a real estate agent upon commission, to obtain a responsible bidder at the sale to bid a sum sufficient to protect the municipality's interest.

APPEAL by defendant from *Alley, J.*, at November Term, 1939, of FORSYTH. Affirmed.

Civil action to recover the sum of forty dollars for services rendered the defendant, pursuant to contract, in the sale of certain real property. The action was commenced in the court of a justice of the peace, and in the Superior Court, upon appeal, jury trial was waived, and it was agreed that the court should find the facts and render judgment accordingly. From judgment for plaintiff in the sum claimed, defendant appealed.

*Ratcliff, Hudson & Ferrell for plaintiff, appellee.*
*Manly, Hendren & Womble and I. E. Carlyle for defendant, appellant.*

DEVIN, J. The facts supporting plaintiff's claim were admitted by written stipulation, and the defendant rested its defense solely on want of power to enter into the contract and to pay for the services rendered.

The plaintiff, a corporation, is engaged in the real estate business in Forsyth County. The city of Winston-Salem, owning certain city lots which it had acquired at tax and street assessment foreclosure sales, advertised the property for sale at public auction. In order to obtain at such sale an amount equal to its taxes and costs of sale and to dispose of property which it had been compelled to buy to protect its interests, the city entered into contract with plaintiff to pay it a commission of five per cent if, in good faith, it procured a responsible bidder ready, able and willing to pay $800 for the property at the sale. The plaintiff performed its contract and secured a bidder for the property at that price. This was the last and highest bid, and, after the sale was confirmed, the amount was paid and deed was executed and delivered to the purchaser by the city. It was admitted that the city did not have in its regular employ any person skilled and experienced in the sale of real property; that it owns approximately seventeen hundred parcels of real property, title to which it acquired by tax and street assessment foreclosure sale, and that it would be to the best interest of the city that this property be sold as speedily as possible.

Did the city have power, under its charter and the general statutes, to enter into the contract with the plaintiff and to pay for the services rendered in accordance therewith?

It is an established principle of law that a municipal corporation has only such powers as are granted to it by the General Assembly in its charter or by the general statutes applicable to all municipal corporations, and that it can exercise only the powers expressly granted and those necessarily implied in or incident to those expressly granted. "But it is also true that a municipal corporation may exercise all the powers within the fair intent and purpose of its creation which are reasonably necessary to give effect to the powers expressly granted, and in doing this it may exercise discretion as to the means to the end. *Smith v. New Bern,* 70 N. C., 14; McQuillin Municipal Corp., sec. 367." *Riddle v. Ledbetter, ante,* 491; *Kennerly v. Dallas,* 215 N. C., 532, 2 S. E. (2d), 538.

Both by the statutes relating to municipal corporations (C. S., 2688, 2787 [2]), and by the charter of the city of Winston-Salem (ch. 232, Private Laws 1927) power is given to the city to sell at public auction real property which it may own (*Asheville v. Herbert,* 190 N. C., 732, 130 S. E., 861), and to appropriate the proceeds to public purposes not inconsistent with its granted powers. *Adams v. Durham,* 189 N. C., 232, 126 S. E., 611.

Applying these principles to the facts in the instant case, we conclude that, as incident to the power of the city to sell the property in question at public outcry, in order to secure liquidation of real estate holdings

acquired for the protection of its revenues, the city was vested with discretion as to the method of effectuating that purpose in the public interest within the limits of its powers, and that the employment of the services of an experienced real estate broker, like that of an auctioneer, was an expense incident to the sale which it was not beyond the power of the city to contract. The necessity of securing qualified assistance in making the sale flowed from the evident fact that on previous auction sale or sales no responsible bid in an amount sufficient to reimburse the city for its taxes and costs of sale had been obtained.

The contract sued on, under the circumstances disclosed by the stipulation and findings of the court below, will not be held invalid for want of power on the part of the city to enter into the contract or to pay for the services admittedly rendered thereunder.

This view finds support in numerous decisions in other jurisdictions, notably: *Childs v. Newark,* 151 Atl., 203, 8 N. J. Misc., 597; *State ex Rel. Woods v. Cole,* 63 Pac. (2), 730 (Oklahoma); *Stewart v. Council Bluffs,* 58 Iowa, 642; *Tietjen v. Savannah,* 161 Ga., 125; *Fitts v. Birmingham,* 224 Ala., 600; *Armstrong v. Fort Edward,* 159 N. Y., 315; *Bridgeman v. Derby,* 104 Conn., 1.

The judgment of the Superior Court is
Affirmed.