W. S. HARRISON v. J. P. BROWN, RECEIVER OF BLUE RIDGE BUILDING & LOAN ASSOCIATION.

(Filed 3 March, 1943.)

**1. Trial § 54—**

The trial judge, a jury trial having been waived, may find the facts with the force and effect of a jury verdict, and declare his conclusions of law arising thereon. The statute, C. S., 569, requires that his findings and conclusions be stated in writing.

**2. Trial §§ 24, 54—**

Where a jury trial is waived and the court makes no specific findings of fact, all of the evidence, when taken in the light most favorable to plaintiff, must be insufficient to support a favorable finding for plaintiff to justify a judgment of nonsuit.

**3. Corporations § 31—**

A receiver is an administrative officer of the court and can exercise only the powers and authority conferred upon him by the court. He is controlled by its proper decrees and the property he administers is *in custodia leges*.

**4. Same—**

In dealing with others a receiver cannot evade the ordinary incidents of contractual and property rights on the ground that he is an agent of the court, and, within the limits of the authority expressly conferred, he may impose liability upon the estate he is appointed to administer.

**5. Same—**

While C. S., 1209 (4), empowers receivers to convey the estate, the receiver of a corporation may not ordinarily dispose of a substantial part of the assets entrusted to him without authority of court, and sales are subject to confirmation unless authority to convey on specified terms is expressly given.

**6. Brokers and Factors § 11—**

When a real estate broker procures a purchaser acceptable to the owner and a valid contract is drawn up between them, the broker's commission for finding a purchaser is earned, although the purchaser later defaults or refuses to consummate the contract.

**7. Same: Corporations §§ 31, 34—**

Where the court authorizes a receiver to sell the property in his charge upon specified terms, through a certain real estate broker whose commissions are authorized and fixed by the court's order, upon a valid offer, procured by such broker from a solvent party, payment of a substantial sum on the purchase price, and acceptance by the receiver, all in accordance with the court's order, payment of the broker's commission cannot be resisted either on the ground that the sale was not consummated, or because, in his acknowledgment of an assignment of the commission by

the broker to plaintiff, the receiver inserted a clause "unless otherwise ordered by the court" and the court thereafter annulled the offer and acceptance.

APPEAL by plaintiff from *Sink, J.,* at December Term, 1942, of BUNCOMBE. Reversed.

This was an action by plaintiff as assignee of a real estate broker to recover for services in connection with the sale of certain real property by defendant, receiver, under orders of court.

The defendant Brown is the duly appointed and acting receiver of the Blue Ridge Building & Loan Association, and as such is engaged in the liquidation of its assets, pursuant to the orders of the Superior Court. In the course of the receivership the following order was made by Presiding Judge Phillips, dated 29 January, 1942: "That with a view of early liquidation, the Court appoints J. Y. Jordan, Jr., James A. Carroll and Guy Weaver as an Advisory Committee, and directs that the said Committee shall forthwith examine and go over the list of properties and revise the prices heretofore fixed by the appraisers, with a view of scaling the said prices down approximately 25% on the whole, but with discretion to raise or lower any or all prices, in accordance with their best judgment with respect to each individual item, and that thereupon the said Committee shall appoint one real estate broker to have charge of, negotiate and sell off the properties in connection with the Receiver, the said broker to receive 5% commission on all properties directly sold by him, and he is directed to list with all members of the real estate board said property at the revised prices so fixed, and any of said brokers making sales shall receive 3% of the commission and 2% to go to the broker having the property in charge. . . . The Receiver is hereby authorized and directed to make sale and convey any and all properties sold at the prices fixed by the Advisory Committee, or at such price as may be by them approved, without further order of this Court."

By authority of this order, J. A. Carroll, a real estate broker, was appointed to have charge of the sale of the real property of the Association in the hands of the receiver upon the terms specified, and in accordance with the court's instructions listed with all members of the real estate board the property at the prices fixed by the Advisory Committee. Thereafter, on 11 February, 1942, Arthur A. York, a broker, transmitted to Carroll the offer of one C. S. Badgett, in writing, to purchase the property in Asheville known as the Blue Ridge Building for the sum of $50,000 cash, the price fixed by the Advisory Committee, and, as evidence of good faith, to be applied on the purchase price, deposited $2,500. The offer was reported to the receiver. The receiver referred

the offer to the Advisory Committee and was authorized and directed by the Committee to accept the offer and to sell the property for the price and on the terms set forth in the offer. Thereupon, on 12 February, 1942, the receiver in writing accepted the offer, and the $2,500 was turned over to him. It was admitted in the pleadings that C. S. Badgett had authorized York to make the offer, and there was evidence that . Badgett was worth $500,000, and owned real property in Asheville.

On 6 March, 1942, J. A. Carroll assigned to the plaintiff the $1,000 commission alleged to be due him in connection with the sale of the property referred to, and in writing authorized the receiver to pay this amount to the plaintiff. This assignment was accepted by the receiver, in writing, as follows:

"I, J. P. Brown, Receiver, hereby agree to carry out the assignment as outlined above of the commission due J. A. Carroll, the real estate broker appointed by the Advisory Committee to sell the properties of the Blue Ridge Building & Loan Association under authority of an order entered in the Superior Court of Buncombe County, N. C., and agree to pay to the assignee the amount stipulated above out of funds now in my hands, which funds represent the deposit made by the purchaser of the building hereinabove described, unless otherwise ordered by the court.

J. P. BROWN, Receiver."

It further appeared from the pleadings offered in evidence by the plaintiff that the receiver prepared the papers necessary to convey title to C. S. Badgett, and tendered same and demanded payment of the balance of the purchase price, $47,500. Payment was refused. Thereafter, 30 March, 1942, Arthur A. York petitioned the court to be allowed to withdraw the offer to purchase and to recover the $2,500 previously paid. The receiver filed answer to this petition and asked for specific performance of the contract of purchase and for the recovery of $47,500. The matter was heard 14 May, 1942, by Judge Phillips, who entered the following order: "This cause coming on to be heard, and being heard before the undersigned presiding judge, upon the petition of Arthur York and upon the answer filed by the Blue Ridge Building & Loan Association, and upon the oral evidence and affidavits introduced by both parties, and being heard, and the receiver having announced in open court that he was not going to appeal from this order, and for that reason there is no necessity of finding facts, it is therefore ordered by the court that the offer heretofore be, and the same is hereby adjudged of no force and effect and the Receiver, J. P. Brown, with whom the $2,500 in controversy has been deposited is hereby ordered and directed

HARRISON v. BROWN.

to forthwith refund said money to the said Arthur York. This 14th day of May, 1942."

From this order the receiver did not appeal. Neither the plaintiff nor Carroll, his assignor, was made party to this proceeding or had notice thereof.

Plaintiff applied to the court for leave to bring an independent action against the receiver for the commission claimed, and this was allowed by order of court 5 September, 1942. Pleadings were filed and the case was heard at December Term, 1942, of Buncombe Superior Court, at which term it was agreed that jury trial be waived, and that the court should hear the same, find the facts and state his conclusions of law. However, the defendant's motion for judgment of nonsuit made at the close of plaintiff's evidence and renewed at the close of all the testimony was allowed, and plaintiff's cause of action was nonsuited. The judgment recited: "It is therefore, ordered, adjudged and decreed that the plaintiff's cause of action be and the same is hereby nonsuited, and the same is dismissed, and the plaintiff taxed with the costs thereof." There were no findings of fact or conclusions of law stated.

The plaintiff appealed.

*Don C. Young for plaintiff, appellant.*
*Jordan & Horner for defendant, appellee.*

DEVIN, J. The plaintiff was permitted by order of court to institute an independent action against the receiver to determine the validity of his claim. McIntosh, p. 1011. A jury trial having been waived, the trial judge could have found the facts with the force and effect of a jury verdict, and declared his conclusions of law arising thereon. The statute requires that when issues of fact are tried by the judge the decisions shall contain a statement of the facts found and conclusions of law separately. C. S., 569; McIntosh, p. 553; *Dailey v. Ins. Co.,* 208 N. C., 817, 182 S. E., 332. Here, however, the judge elected to dispose of the case by a judgment of nonsuit. This permitted the plaintiff to challenge the correctness of the judgment below if there was any substantial evidence presented in support of his claim. As was said by *Winborne, J.,* in *Ins. Co. v. Carolina Beach,* 216 N. C., 778 (789), 7 S. E. (2d), 13, where jury trial was waived and the court made no specific findings of fact, ". . . the effect of the written judgment is that when taken in the light most favorable to plaintiffs, all the evidence is insufficient to support a favorable finding for plaintiffs on any issue raised by the pleadings." Hence the only question presented for our decision is whether the evidence in the view most favorable for the plaintiff was sufficient to withstand a motion for nonsuit.

A receiver is a ministerial officer of the court (*S. v. Whitehurst,* 212 N. C., 300, 193 S. E., 657), and can exercise only the power and authority conferred upon him by the court. He is controlled by its proper decrees, and the property he administers is said to be *in custodia leges.* But within the limits of the authority expressly conferred upon him, in dealing with others he may not evade the ordinary incidents of contractual and property rights on the ground that he is an administrative agent of the court, and by his acts which he performs within the scope of the authority given, he may impose liability upon the estate he is appointed to administer. While the statute, C. S., 1209 (4), empowers the receiver to convey the estate, ordinarily, the receiver of a corporation may not be permitted to dispose of a substantial part of the assets with which he is entrusted without authorization from the court, and the sale is subject to confirmation, unless authority to convey on specified terms is expressly given beforehand. High on Receivers (3rd Ed.), sec. 199 (c).

In the case at bar the order of court not only authorized the sale of the property in question, but prescribed the method by which the price should be determined and fixed the compensation of those employed in connection therewith. The receiver was directed to sell and convey the property at the price approved by the Advisory Committee "without further order of court." The price of the Blue Ridge Building was accordingly fixed at $50,000. J. A. Carroll was appointed the real estate broker to have charge of the sales of this and other properties. Pursuant to this authority Carroll listed the property with the members of the real estate board upon the terms specifically mentioned in the order of court, that is, if another broker procured a purchaser at the price approved by the Advisory Committee, such broker would receive 3% and Carroll 2% of the purchase price. Within a short time a broker procured a purchaser for the Blue Ridge Building at $50,000 cash. The purchaser was well able to pay. He put up $2,500 as evidence of good faith and as part payment. The offer in writing was addressed to Carroll and by him transmitted to the receiver. The offer was submitted to the Advisory Committee and approved. The receiver conformable to instructions signed a formal acceptance of the offer as made.

Considering the evidence offered by the plaintiff in the light most favorable for him, as is the rule on a motion for nonsuit, in accord with the principle enunciated in *Trust Co. v. Adams,* 145 N. C., 161, 58 S. E., 1008, and *House v. Abell,* 182 N. C., 619, 109 S. E., 877, we are of opinion that plaintiff's claim for commission earned should not have been dismissed by judgment of nonsuit. The negotiations for the sale were under Carroll's charge. As a result of his activity a responsible purchaser was procured, and an apparently valid contract was executed on

the prescribed terms. He had performed all the things necessary to entitle him to the compensation specified in the order of court. His assignment to the plaintiff of the commission earned was agreed to by the receiver.

True, the sale was not consummated. The record discloses no reason why this was not done. It appears that the purchaser declined to pay on tender of deed, and shortly thereafter filed petition to the court to be permitted to withdraw his offer and recover the advanced payment. Over the objection of the receiver this was allowed by the court. No facts were found by the court. Doubtless the judge had good reason for his action, but none appears in the record on which the case comes to us for review.

The receiver resists payment of the 2% commission to the plaintiff as assignee of Carroll, principally, on two grounds; first, that the sale was not consummated, through no fault of the receiver, and, second, because in his acknowledgment of the assignment of Carroll's rights to the plaintiff, the receiver added the clause "unless otherwise ordered by the court." Neither of these positions can be sustained.

The plaintiff's rights were not dependent upon the subsequent action of York, the other broker, as his assignor's compensation was independent of that accruing to the procuring broker, and was fixed by the terms of the order of court. Neither Carroll nor the plaintiff was a party to the proceeding wherein Judge Phillips adjudged the purchase offer of no force and effect, and ordered the return of the initial payment, and no reference was made in that order to the compensation of the broker. The plaintiff cannot be held debarred by that order. Nor was Carroll's right to compensation precluded by the failure of the purchaser to fulfill his contract and complete the purchase. He was not the agent or employee of Badgett. He was employed under order of court by the receiver, with a definite compensation fixed for specified service. Under the evidence appearing in the record his compensation would be regarded as a necessary expense of the receivership. *Mortgage Co. v. Winston-Salem,* 216 N. C., 726, 6 S. E. (2d), 501.

The general rule is stated in 8 Am. Jur., 1099, as follows: "It may be generally stated that when a real estate broker procures a purchaser who is accepted by the owner, and a valid contract is drawn up between them, the commission for finding such purchaser is earned, although the purchaser later defaults or refuses to consummate the contract." This rule is equally applicable where no known reason for the default of the purchaser appears. 51 A. L. R., 1392. The receiver consented to the assignment of Carroll's commission to the plaintiff Harrison, and agreed "to pay to the assignee the amount stipulated above out of the funds now in my hands, which funds represent the deposit made by the pur-

chaser of the building hereinabove described, unless otherwise ordered by the court." The last clause we think susceptible of the reasonable interpretation as having reference only to the fund from which the receiver expected to pay it, and on a motion for nonsuit plaintiff is entitled to the aid of every reasonable inference from the facts in evidence. Certainly, if the compensation had already been earned in accordance with the court's order, the receiver could not properly confine the payment to a particular fund. Nor would we be disposed to hold that the plaintiff's case should fail because the judge subsequently held the purchase offer ineffective and permitted the withdrawal of the fund mentioned. Judge Phillips' last order did not refer to the matter of plaintiff's compensation. Even if the words relied on by the defendant be understood to impose a condition on the right to the commission itself, as being dependent on the subsequent order of the court, we doubt the power of the court to decree avoidance of the obligation of a valid contract, after compensation thereunder had been earned. Defendant's contention that the plaintiff was reimbursed by Carroll is not borne out by the evidence.

Considering the plaintiff's evidence in the most favorable light for him, we are constrained to hold that the judgment of nonsuit was improvidently entered, and must be reversed and the cause remanded for further proceeding.

Reversed.