PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC. v. N. CONE BEAL, HESTER C. BEAL AND EDISON BEAL, T/A N. C. BEAL & SONS

No. 6927DC291

(Filed 13 August 1969)

**1. Trial § 58—  trial by court without jury — separate findings of fact and conclusions of law**

Rule that upon trial of an issue of fact by the court, its decision shall be in writing and shall contain a statement of the facts found and the conclusions of law separately, applies in the district court division of the General Court of Justice as well as in the superior court. G.S. 1-185, G.S. 7A-193.

**2. Trial § 58—  trial by court without jury — nonsuit**

Where the trial is heard by the court without a jury, a written judgment of nonsuit is equivalent to a finding that all evidence, considered in the light most favorable to plaintiff, is insufficient to support findings of fact entitling plaintiff to recover on any issue raised by the pleadings.

**3. Gas § 5—  damage to underground gas lines**

In this action for damages to plaintiff's gas lines which occurred while defendants were performing grading and construction work as subcontractors on a street widening project, the trial court erred in allowing defendants' motion for nonsuit where plaintiff's evidence tended to show that an official of plaintiff pointed out to defendants' bulldozer operator the location of a valve on the gas line and told him the line was shallow in the area, and that the bulldozer operator thereafter damaged the valve on the gas line and a service line in the area, allowing gas to escape.

**4. Evidence § 3—  facts within common knowledge — underground gas lines**

It is common knowledge that underground gas lines are in common use in most cities and towns in North Carolina.

APPEAL by plaintiff from *Friday, J.,* January 1969 Civil Session, GASTON District Court.

The plaintiff is a corporation engaged in the distribution of natural gas and has its principal office in Gastonia, North Carolina. This action was brought to recover for damages to various of its gas lines located under the surface of certain streets in Sanford, North Carolina. The damage occurred while the defendants were performing grading and construction work as subcontractors on a street widening project, and allegedly resulted from their negligence in failing to use due care to avoid striking and damaging the gas lines. The defendants' answer admitted that on one occasion a hole was torn in plaintiff's gas lines "but this resulted from the fact that said gas lines were not three feet under the surface of said street as plaintiff's local manager had informed defendants."

By agreement of parties and counsel the case was heard by the court without a jury. At the close of the plaintiff's evidence the court allowed the defendants' motion for judgment of nonsuit and entered a written judgment which contained no findings of fact or conclusions of law. The plaintiff appealed, assigning as error the court's allowing of defendants' motion and the entering of the judgment nonsuiting the plaintiff's action.

*Mullen, Holland & Harrell by Philip V. Harrell for plaintiff appellant.*

*Sanders & Lafar by Julius T. Sanders for defendant appellees.*

PARKER, J.

**[1, 2]** G.S. 1-185 provides that upon trial of an issue of fact by the court, its decision shall be in writing and shall contain a statement of facts found, and the conclusions of law separately. This rule of procedure applies in the district court division of the General Court of Justice as well as in the superior court. G.S. 7A-193. A written judgment of nonsuit is equivalent to a finding that all evidence, considered in the light most favorable to plaintiff, is insufficient to support findings of facts entitling plaintiff to recover on any issue raised by the pleadings. *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508; *Harrison v. Brown,* 222 N.C. 610, 24 S.E. 2d 470; *Insurance Co. v. Carolina Beach,* 216 N.C. 778, 7 S.E. 2d 13. If the evidence in this case, when taken in the view most favorable to the plaintiff, would have supported a finding in its favor, the assignment of error must be sustained. *Harrison v. Brown, supra.*

**[3]** The plaintiff's evidence tended to show that in May of 1965 Mr. R. L. Shaw, an official of the plaintiff, went to the scene of the street project in Sanford and pointed out to the defendants' bull-dozer operator the location of a valve on the gas line and told him the line was shallow in the area. Shaw expressed concern to him that there would be damage because of the manner in which the curb and sidewalk were being removed. About thirty minutes later, Shaw was notified that the valve had been damaged. Upon inspection he found that the stem of the valve had been broken off and gas was escaping. Shortly thereafter a service line in the vicinity was also damaged by the defendants' grading operation. In response to a question asked on cross-examination, Shaw stated: "I did see the damage done to the service line. The operator of the bulldozer doing the grading did the damage to the service line." He further testified that the defendants were the only ones engaged in work in that area at the time of the damage.

**[4]** We are of the opinion the plaintiff's evidence was sufficient to withstand a motion for judgment as of nonsuit. It is common knowledge that gas lines such as are described here are in common use in most cities and towns in North Carolina. (See *Hayes v. Wilmington,* 243 N.C. 525, 545, 91 S.E. 2d 673, 688). Furthermore, there was ample evidence here that defendants had actual knowledge of the existence of the plaintiff's gas lines within the area of the street project. They in fact admit as much in paragraph three of their further answer and defense which states in part: "That Mr. Cone Beal, one of the defendants, was in charge of this work, and he knew that gas lines were installed in the street." The defendants' asserted defense is that they had been advised that the gas lines were located at least three feet under the surface. The plaintiff's evidence is in direct contradiction.

**[3]** Knowing that the gas lines were in the area of their grading work, it was the duty of the defendants to exercise due care to avoid damaging them. The plaintiff's evidence could support findings leading to the conclusion that the defendants failed to do so and the judgment of the trial court is therefore reversed.

Reversed.

MALLARD, C.J., and BRITT, J., concur.