JOHN WATERS, JR. AND WIFE, ARLENE WATERS v. LEWIS HUMPHREY, FREDERICK HUMPHREY AND FREDERICK SWEETING

No. 764DC716

(Filed 4 May 1977)

1. **Rules of Civil Procedure § 52; Trial § 58— failure to state conclusions separately — absence of prejudice**

    Plaintiffs were not prejudiced because of the court's failure to comply strictly with the directive of G.S. 1A-1, Rule 52(a)(1) to "state separately its conclusions of law" where some of the court's findings actually embody conclusions of law, the court's factual findings support the judgment entered in favor of defendants and could not support judgment favorable to plaintiffs, and the court's factual findings and legal conclusions, although not separately stated, are adequate to permit appellate review.

2. **Rules of Civil Procedure § 52; Trial § 58— failure to state conclusions separately — judgment as conclusion**

    Where the court fully and completely sets out the facts found and renders judgment thereon, an exception that the court did not state its findings of fact and conclusions of law separately cannot be sustained since the judgment constitutes the court's conclusion of law on the facts found.

3. **Boundaries § 11— boundary dispute — agreement signed by plaintiffs' predecessor**

    In an action to determine the true dividing line between two tracts of land, a boundary line agreement executed by plaintiffs'

predecessor in title three years after she conveyed her tract to plaintiffs was relevant as evidence tending to show where plaintiffs' predecessor in title considered the true location of the dividing line to be.

**4. Boundaries § 11; Evidence § 11.7— dead man's statute — signing of boundary agreement**

In an action to determine the true dividing line between two tracts of land, testimony by defendant that he saw plaintiffs' predecessor in title, who is now deceased, sign an agreement fixing the dividing line between the tracts violated the dead man's statute, G.S. 8-51; however, plaintiffs were not prejudiced by the admission of such testimony where defendant testified without objection that when he acquired title to his tract, plaintiffs' predecessor was living on the land which she later conveyed to plaintiffs and that she showed defendant a marked tree and told him that such tree marked the corner of the two tracts, and where there was ample competent evidence apart from the boundary line agreement to support the court's findings and judgment determining the location of the boundary line.

**5. Boundaries § 10.2— marks on tree as "old" — qualification of witness**

In an action to determine the true dividing line between two tracts of land, a witness was qualified to testify that marks he observed on a tree were "old," particularly when he went further and testified to the objective facts which caused him to characterize the marks as such.

APPEAL by plaintiffs from *Turner, Judge.* Judgment entered 22 April 1976 in District Court, ONSLOW County. Heard in the Court of Appeals 9 February 1977.

Civil action for trespass. The plaintiff, John Waters, Jr., and the defendant, Lewis Humphrey, own adjoining tracts of land. The location of the dividing line is in dispute.

Plaintiff, John Waters, Jr., acquired title to his tract by deed dated 20 September 1966 from Ida C. Matthews, widow, in which the disputed line is described as "running a straight line through the field a North Westwardly course to the head of a bottom, thence down and with said bottom to Howards Creek." Defendant, Lewis Humphrey, acquired title to his tract by deed dated 26 September 1942 in which the disputed line is described simply as running with the Ida C. Matthews line. The problem presented is to locate on the ground the point described in plaintiff's deed as "the head of a bottom" and to locate the line described as running from that point "down and with said bottom to Howards Creek."

The court appointed a surveyor to make a survey and map showing the contentions of the parties. On this map the line

contended for by plaintiffs is shown as running from point "A" to point "C" to point "D," while the line as contended for by defendants runs from "A" to "B" to "D." The area between these lines, consisting of approximately 1.5 acres of timber land, is the area in dispute.

The case was heard by the court without a jury. After receiving evidence presented by both parties, the court entered judgment making findings of fact and adjudging that the dividing line was the line as contended for by defendants. The judgment fixed and described this line by the same calls and distances as shown on the court surveyor's map as running from point "A" to point "B" to point "D." From this judgment plaintiffs appealed.

*Ernest C. Richardson III for plaintiff appellants.*

*Billy G. Sandlin for defendant appellees.*

PARKER, Judge.

[1, 2] Appellants first contend that the court erred in failing to make conclusions of law. G.S. 1A-1, Rule 52(a)(1) provides that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." The judgment appealed from contains detailed findings of fact, but it does not contain conclusions of law separately stated and denominated as such. However, some of the court's findings, though purportedly made as findings of fact, actually embody conclusions of law. For example, the court found that "the plaintiffs and the defendants should share the cost of the survey equally," which was clearly the court's legal conclusion rather than a finding of fact. Moreover, when the court made a finding which located and described by exact calls and distances the dividing line as ultimately determined by the court, it was stating a finding which embodied the court's conclusion of law. The court's factual findings support the judgment entered in favor of the defendants; they could not support judgment favorable to the plaintiffs. Although not separately stated, the court's factual findings and legal conclusions are adequate to permit appellate review. Under these circumstances, plaintiffs suffered no prejudice because of the court's failure to comply strictly with the directive of Rule 52(a)(1) to "state separately its conclusions of law."

Moreover, where the court fully and completely sets out the facts found and renders judgment thereon, an exception that the court did not state its findings of fact and conclusions of law separately cannot be sustained, since the judgment constitutes the court's conclusion of law on the facts found. *Dailey v. Insurance Co.*, 208 N.C. 817, 182 S.E. 332 (1935).

[3, 4]   Plaintiffs next contend that the court erred in allowing defendants to introduce in evidence a boundary line agreement dated 10 June 1969 between Ida C. Matthews and the defendant, Lewis Humphrey, and in permitting the defendant, Lewis Humphrey, to testify concerning the execution of the agreement by Ida C. Matthews. This agreement fixed the dividing line generally as contended for by the defendants. At the time it was executed, Ida C. Matthews no longer owned any property which could be affected by the agreement, having conveyed her tract to the plaintiff, John Waters, Jr., some three years previously. Thus, the agreement, as such, could not be binding upon the plaintiffs. It was, however, relevant as evidence tending to show where Ida C. Matthews, plaintiffs' predecessor in title, considered the true location of the dividing line to be. If properly proved, it would have been admissible in evidence. It was error, however, for the court to permit Lewis Humphrey to testify that he saw Ida C. Matthews sign the agreement. At the time of the trial, Ida C. Matthews was dead, and the admission of testimony by Lewis Humphrey concerning her signing the agreement violated G.S. 8-51. *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222 (1957). However, we do not think that the error in the admission of this testimony was sufficiently prejudicial to plaintiffs to justify a new trial. The defendant, Lewis Humphrey, had already been permitted to testify, without any objection from plaintiffs, that when he acquired title to his tract in 1942, Ida Matthews was living on the land which she later sold to John Waters, Jr., and that she then went with the witness, Lewis Humphrey, and showed him the big marked gum tree located at point "B" on the map and told him that that was the corner. In view of this testimony, which was admitted without objection, plaintiffs could hardly have been prejudiced by the subsequent admission of Lewis Humphrey's testimony concerning the execution of the boundary line agreement by Ida C. Matthews. Moreover, in a case tried before the judge without a jury, "the ordinary rules as to the competency of evidence applied in a trial before a jury are to some extent relaxed, for the reason

that the judge with knowledge of the law is able to eliminate from the testimony he hears that which is immaterial and incompetent and consider that only which tends properly to prove the facts to be found." *Construction Co. v. Housing Authority,* 1 N.C. App. 181, 186, 160 S.E. 2d 542, 546 (1968). There was in this case ample competent evidence apart from the boundary line agreement to support the court's findings and its judgment determining the location of the dividing line. There is a presumption that if incompetent evidence was admitted, it was disregarded and did not influence the court's findings unless it affirmatively appears that the court was influenced thereby. *Reid v. Midgett,* 25 N.C. App. 456, 213 S.E. 2d 379 (1975); 1 Stansbury's N. C. Evidence (Brandis Rev.), § 4(a), p. 10. No such showing was made, and plaintiffs' assignment of error is overruled.

[5]   Plaintiffs next assign error to the court allowing defendants' witness, George Humphrey, to testify as to the age of three chop marks on the corner tree located at the point shown on the map as point "B." The record reveals that the witness who is the son of the defendant, Lewis Humphrey, testified:

> "At point B you find a marked gum. When you are walking down this line and facing the gum at point B on the west side of it, there are three chops that are probably fifty (50) to eighty (80) years old."

The plaintiffs objected and the court sustained the objection. The witness then testified that "[t]here are three old marks on the tree," to which plaintiffs also objected. It is the overruling of this last objection which is the basis of plaintiffs' present assignment of error. We find no error. Aside from the fact that the record fails to disclose the question to which plaintiffs' objection was interposed and fails to show that any motion to strike was made, the witness was competent to testify that there were three "old" marks on the tree. The characterization of the marks as "old" was merely the witness's descriptive statement of what he saw, which was further amplified when, without any objection from plaintiffs, the witness testified that "[t]he chop marks are grown over and there is what you would call a healed place in the tree." The court properly sustained plaintiffs' objection when the witness attempted to testify that the marks were "fifty (50) to eighty (80) years old," since it was not shown that the witness was qualified to place such a

precise age on the marks. The witness was qualified, however, to testify simply that the marks were "old," particularly when he went further and testified to the objective facts which caused him to characterize them as such. It should also be noted that defendants' witness, Ida G. Campbell, who was seventy-three years old at the time of the trial and who had been raised on the land where plaintiffs live, testified that the chop marks on the marked gum tree "were put there when [her] oldest brother was small. The chops were put there for the line." This witness further testified that "[t]hey (referring to the chop marks) were put there before I was born—three of them, anyway. They were put there because it was a land line." The testimony of this witness, who is related to the feme plaintiff, fully supports defendants' contention and the court's ultimate determination as to the correct location of the dividing line.

Plaintiffs finally assign error to the court's finding of fact no. 8, which established the boundary line as contended by defendants, and to the rendering of judgment in favor of defendants. If supported by competent evidence, findings of fact made by the trial judge sitting without a jury are conclusive upon review in an appellate court, the weight and credibility of the evidence being for the trial judge. *Trust Co. v. Gill, State Treasurer*, 286 N.C. 342, 211 S.E. 2d 327 (1975). The competent evidence in the record fully supports the findings of fact and the judgment rendered thereon. Plaintiffs' final assignment of error is overruled.

Finding no error in the trial below, the judgment appealed from is

Affirmed.

Judges MARTIN and ARNOLD concur.