STATE OF NORTH CAROLINA
v.
TYRONE HUNTLEY.
No. COA07-1241
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Charlene Richardson, for the State.
Hartsell & Williams, P.A., by Christy E. Wilhelm, for defendant-appellant.
STEELMAN, Judge.
The trial court acted within its discretion when it revoked defendant's probation for willful violation of the terms and conditions of his probationary sentence.
On 28 November 2005, defendant was indicted for the felony of discharging a firearm into occupied property. Upon a guilty plea, defendant was sentenced to a term of 23-37 months imprisonment, which was suspended, and defendant was placed on supervised probation for twenty-four months.
On 11 December 2006, a Probation Violation Report was filed alleging nine different violations. On 29 March 2007, the trial court found that defendant had willfully violated the terms of his probation as set forth in four of the alleged violations and activated defendant's sentence. The trial court further found that each violation was in and of itself a sufficient basis for revocation. Defendant appeals.
In his first argument, defendant contends that the trial court erred in finding that he willfully violated the terms and conditions of his probation. We disagree.
Defendant was cited for nine separate violations of the terms and conditions of his probation. At the beginning of the hearing, the defendant admitted to all nine violations, but denied that the violations were willful. Defendant offered testimony as to why his actions were not willful.
On appeal, defendant argues that none of the nine violations were willful due to homelessness, unemployment, and being barred from public transportation.
Probation violations are heard by the judge sitting without a jury. "In making the determination as to whether the conditions of probation have been violated the 'evidence need be such that reasonably satisfies the trial judge in the exercise of his sound discretion that the defendant has violated a valid condition on which the sentence was suspended.'" State v. Ginn, 59 N.C. App. 363, 379, 296 S.E.2d 825, 835 (1982) (quoting State v. Freeman, 47 N.C. App. 171, 266 S.E. 2d 723, cert. denied, 301 N.C. 99, 273 S.E. 2d 304 (1980)). If there is competent evidence in the record to support the trial court's findings, those findings are binding on the appellate courts. Waters v. Humphrey, 33 N.C. App. 185, 190, 234 S.E.2d 462, 465 (1977). In the instant case, the court found four violations by defendant of the terms and conditions of his probation. One of these violations was that defendant failed to report to his probation officer for six consecutive weeks in October and November of 2006. It was uncontested that defendant failed to report on those occasions.
Defendant testified that he was aware that he was required to report to his probation officer every Tuesday. He further testified that he missed the appointments because he was without a residence or transportation, and that he was unable to use public transportation because he had been arrested several times for trespass at the transit center. On direct examination, he stated that he was homeless and had not had a job from the time that he was released from pre-trial confinement on this charge until he was arrested for the probation violations. However, on cross-examination, he stated that he had missed his appointments with his probation officer because "I was working." Further, defendant was not living on the streets; rather, he was moving from place to place, staying with friends and relatives. Finally, defendant testified that, although he now had persons who could provide him with transportation, he had no transportation at the time of his violations. He did not explain how this situation had suddenly changed or why the transportation that is now available was not available during the time period of his violations.
Defendant's argument is that since he was the only person who testified, and that since he testified that his actions were not willful, there was no evidence that his actions were willful. This argument misapprehends the role of the trial judge in a probation violation proceeding. The judge's role is to hear the evidence, determine the credibility of witnesses, and determine the weight to be given to the evidence presented. Waters, 33 N.C. App. at 190, 234 S.E.2d at 465. It is not to accept uncritically the testimony of witnesses, whether for the State or for the defendant. In this case, there are readily apparent inconsistencies in defendant's testimony which cast serious doubt upon his credibility.
Defendant was aware of his duty to report to his probation officer each week. At the time of the hearing, he was able to find transportation for those visits. There was evidence that he was not working at the time of the violations and had no valid excuse for his failure to report for his scheduled visits with his probation officer. Defendant's own testimony provides competent evidence in the record to support the trial court's finding that defendant willfully failed to make the six office visits in October and November of 2006.
Since the trial court found that each "violation is in and of itself, a sufficient basis upon which this Court should revoke probation[,]" we need not address the other three violations found by the trial court.
This argument is without merit.
In his second argument, defendant contends that the trial court erred in finding that he violated the terms and conditions of his probation without specifying in the order which terms were violated. We disagree.
The revocation judgment entered by the trial court specifically found that defendant had violated the terms and conditions of his probation as set forth in paragraphs 1-4 of the Probation Violation Report, that each violation was willful and without valid excuse, and that each violation occurred prior to the termination of the period of defendant's probation. Defendant argues that these findings are inadequate to support the judgment of the trial court. This issue was previously addressed by this Court in the case of State v. Henderson, 179 N.C. App. 191, 632 S.E.2d 818 (2006). In that case, we held that the completed revocation judgment, with certain findings of fact preprinted in the form, together with the incorporation of the probation violation report by reference, was sufficient to support a revocation of defendant's probation. Id. at 197, 632 S.E.2d at 822. All of the factors present in the Henderson case are also present in the instant case.
We do not address defendant's assertions as to the adequacy of the findings of fact which are directed to violations other than the failure of defendant to report to his probation officer on a weekly basis, supra.
This argument is without merit.
AFFIRMED.
Judges HUNTER and McCULLOUGH concur.
Report per Rule 30(e).