STATE OF NORTH CAROLINA v. JOYCE FREEMAN

No. 8013SC25

(Filed 3 June 1980)

1. **Criminal Law § 143.5– probation revocation – no jury trial – quantum of proof –
   rules of evidence**

In a probation revocation hearing, a jury trial is not required, proof of a probation violation need not be beyond a reasonable doubt, and the rules of evidence need not be strictly enforced.

**2. Criminal Law § 143.10– probation revocation – monthly payments – gainful employment**

The evidence supported the court's revocation of defendant's probation for violation of conditions of her probation that she make monthly payments on costs, fines and restitution and that she remain gainfully employed.

APPEAL by defendant from Godwin, Judge. Judgment entered 3 October 1979 in Superior Court, BLADEN County. Heard in the Court of Appeals 15 May 1980.

Defendant was charged with obtaining assistance to which she was not entitled from the Bladen County Department of Social Services. She pled guilty to misdemeanor fraud before District Court Judge J. Wilton Hunt, Sr., who sentenced her to twelve months in prison, suspended for three years on condition that she not violate certain specified conditions of probation. Those conditions of probation were:

(a) cooperate with and truthfully report to the Probation–Parole Officer as directed, and permit the Probation–Parole Officer to visit at his–her home or elsewhere;

(b) remain within the County of Bladen and not change his/her residence without permission of the Probation/Parole Officer;

(c) violate no penal law of any state or of the Federal Government;

(d) remain gainfully employed, or in full-time school status, and support his/her dependents, if any;

(e) pay a fine of $50.00;

(f) pay costs of court of $27.00;

Additional conditions:

(g) Become gainfully employed and stop taking assistance from the Department of Social Services.

(h) Make restitution in the amount of $75.00 to reimburse the State for counsel's fees.

(i) Make restitution to the Clerk of Court in the amount of $587.00 to reimburse the Department of Social Services for loss caused by this offense.

(j) Pay fine, costs, restitution and counsel's fees into the office of the Clerk of Superior Court, Elizabethtown, N.C. at the rate of no less than $30.00 per month. A payment of no less than $30.00 is due on or before September 5, 1978 and no less than $30.00 is due on or before the 5th day of each succeeding month thereafter until the total amount due is paid in full.

On 20 April 1979, Probation Officer Thomas F. Adams filed a violation report requesting that defendant's probation be revoked because she had violated condition (j) of her probation by falling into arrears and failing to make her monthly payments to cover the fine, court costs, restitution and counsel fees. On 15 August 1979, Officer Adams filed another violation report requesting that defendant's probation be revoked because she violated conditions (d) and (g) of her probation by not remaining gainfully employed and by taking assistance, some for which she was ineligible, from the Bladen County Department of Social Services.

A hearing on the violation reports was held in District Court on 30 August 1979 where defendant was found to have willfully and without just cause violated the provisions of her probationary judgment. The prior suspended sentence was ordered activated. Defendant appealed to Superior Court and a hearing de novo was held before Judge Godwin on 3 October 1979.

The only witnesses at the hearing were the probation officer testifying for the State and defendant testifying in her own

behalf. The evidence concerning the violations of conditions (d), (g) and (j) was to the following effect. By condition (j), defendant, beginning on or before 5 September 1978, was to pay into the clerk of court $30.00 on or before the fifth of each month until all costs, fines, counsel fees and restitution were paid in full. Defendant made payments until March or April, 1979. During this period, she also purchased a Pontiac Grand Prix for which she made a $500.00 down payment with $170.00 monthly payments which she made in March and April, 1979. She returned the car to the dealer sometime after April of 1979. As of 3 October 1979, defendant was $100.00 in arrears on her payments pursuant to condition (j) of her probation. Defendant testified that she had put in a few job applications and that she had completed her high school education by obtaining an equivalence degree from the local technical college. She further testified that she was prepared to pay the arrearage as of the date of this hearing. Condition (g) of defendant's probation required that she "[b]ecome gainfully employed and stop taking assistance from the Department of Social Services" and condition (d) required her to "remain gainfully employed, or in full-time school status, and support his–her dependents, if any." From the time defendant was put on probation, she held three consecutive jobs until May of 1979 when she voluntarily quit the job she then held. She remained unemployed from May of 1979 until the time of the revocation of probation hearing in early October of 1979. During this period, she received unemployment compensation at a rate of $49.00 per week. She was also receiving assistance for her two minor children from the Department of Social Services. The Department of Social Services reported to the probation officer that as of August of 1979, defendant had received some assistance to which she was not entitled above and beyond the amount which was for the children. Defendant testified she needed to support her two minor children on her unemployment compensation and the money she received from the Department of Social Services.

The trial court found defendant had violated willfully and without just excuse the three conditions of probation. The probationary sentence was revoked and the suspended sentence was activated. From this judgment, defendant appeals.

State v. Freeman

*Attorney General Edmisten, by Associate Attorney Elaine M. Jessee, for the State.*

*Moore and Melvin, by David Garrett Wall, for defendant appellant.*

VAUGHN, Judge.

We find no error in the revocation of defendant's probation. Defendant presents six assignments of error on the part of the trial court in the revocation of her probation but we need not reach all these assigned errors in upholding the probation revocation by the trial court.

[1] Probation is an act of grace by the State to one convicted of a crime. It is a matter of discretion with the trial court. The matter is not governed by the rules of a criminal trial. Consequently, a jury is not required as defendant contends nor must the proof of violation be beyond a reasonable doubt. *State v. Duncan*, 270 N.C. 241, 154 S.E. 2d 53 (1967). The evidence need be such that reasonably satisfies the trial judge in the exercise of his sound discretion that the defendant has violated a valid condition on which the sentence was suspended. Because of this and also because it is a matter which a judge hears and not a jury, the rules of evidence need not be strictly enforced. *State v. Baines*, 40 N.C. App. 545, 253 S.E. 2d 300 (1979).

> All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action.
>
> It takes account of the law and the particular circumstances of the case and "is directed by the reason and conscience of the judge to a just result."

*State v. Duncan*, 270 N.C. at 245, 154 S.E. 2d at 57.

**[2]** The trial court found defendant to have violated three conditions of her probation. The trial court found that defendant failed to make the monthly payments on the costs, fines and restitution, quit her job and continued to take welfare assistance. All these acts would be in violation of her probation conditions. Any one would have been sufficient grounds to revoke defendant's probation. *State v. Braswell,* 283 N.C. 332, 196 S.E. 2d 185 (1973).

There is plenary evidence that defendant did not make the monthly payments as required as a condition of her probation. Only after six months had elapsed and when faced with possible imposition of the prison sentence did defendant offer to make up arrearage. Defendant did not present any evidence of justifiable excuse for her failure to meet this condition of her probation. Also, there is plenary evidence to support the violation of the condition that defendant become and remain gainfully employed. Defendant did not present evidence of a justifiable excuse for quitting her job. Either one of these above would justify a revocation of probation. There can be no doubt that they were both valid conditions of probation. Consequently, we need not consider in this case whether the condition prohibiting defendant from seeking assistance from the Department of Social Services was a valid condition of probation. *State v. Byrd,* 23 N.C. App. 63, 208 S.E. ed 216 (1974).

Affirmed.

Judges PARKER and ERWIN concur.