STATE OF NORTH CAROLINA v. WAYNE SEAY

No. 8221SC485

(Filed 7 December 1982)

1. **Criminal Law § 143.1— probation revocation—preliminary hearing not required**

    A preliminary hearing was not required before defendant's probation could be revoked in a hearing under G.S. 15A-1345(e).

2. **Criminal Law § 143— delay in probation violation order—no waiver of violation**

    A probation violation in April was not waived because a violation order was not filed until October.

3. **Criminal Law § 143.5— probation revocation hearing—improper evidence—absence of prejudice**

    The impeachment of defendant at his probation revocation hearing by a crime committed in Texas for which he had been pardoned was not reversible error where the court was sitting without a jury, since it is assumed that the court disregarded incompetent evidence in extending defendant's probation.

4. **Criminal Law § 143.9— violations of probation—sufficiency of evidence**

    The evidence was sufficient to support a determination by the trial court that defendant violated the conditions of his probation by (1) failing to report to his probation officer at reasonable times and in a reasonable manner, (2) changing his place of residence without obtaining prior approval of his probation officer, and (3) failing to remain within the court's jurisdiction and failing to obtain permission to leave by the court or the probation officer when he went to another state on specified dates.

5. **Criminal Law § 143.13— appeal from extension of probation—oral motion for appearance bond—who may set bond**

    A motion for an appearance bond during an appeal of a probation extension order did not have to be in writing where it was made during a hearing. G.S. 15A-951(a)(1). Furthermore, it was not required that the appearance bond be set by the same judge who signed the appeal entry.

APPEAL by defendant from *Helms, Judge* and *Albright, Judge.* Orders entered 15 December 1981 and 8 February 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 November 1982.

Defendant was convicted of two counts of embezzlement, given an active sentence of sixty days and placed on supervised probation for one year and ten months. The 19 April 1979 probation judgment allowed defendant to leave the jurisdiction of the

court with the permission of the court or the probation officer. The judgment required him to obtain prior approval from the probation officer for any change in address or employment.

On 26 February 1981, defendant met with Steve Jacobs, his probation officer. Jacobs told defendant that he could travel to Texas in early March but that the defendant should call Jacobs within 30 days of when he got back. The defendant went to Texas because of a case in federal court there and because his cardiologist was there. Jacobs allowed him to travel to and from Texas without issuing travel permits.

On 23 March, the defendant reported to Jacobs' office. He talked with unit supervisor Robert Harrison, who left Jacobs a note that the defendant had been there.

The defendant and Jacobs talked by telephone on 14 April while the defendant was in Texas. Jacobs told the defendant to contact him when he returned to North Carolina. During this conversation, Jacobs did not tell the defendant that he was in violation of his probation because he was in Texas on 9 and 10 April.

The two talked on 28 April by telephone. On 12 June, the defendant visited Jacobs at his office. On 14 August, the defendant informed Jacobs by telephone that he had been in Winston-Salem on 27 July and 3 August and had gone to Jacobs' office. On 24 September, the defendant received a letter from Jacobs that suggested that the case be transferred to Texas since the defendant spent so much time there. The defendant answered it the next day by stating that he did not want the case transferred.

The defendant returned to Winston-Salem on 12 October. He called Jacobs but could not reach him. When he went to Jacobs' office on 14 October, the defendant discovered that his office was now in Kernersville. Subsequent attempts by the defendant to contact Jacobs were unsuccessful.

Jacobs filed a violation of probation report on 15 October. Defendant was served with an arrest warrant on 12 November.

On 15 December, an order was issued that extended the defendant's probation until 25 December 1983 and required that he report to his probation officer on the second Friday of each month.

On 8 February 1982, a release order was filed requiring the defendant to post an appearance bond during the appeal of this case. The bond amount was $5,000 with $500 of that amount being secured. From the probation extension order and the release order, defendant appeals.

*Attorney General Edmisten, by Associate Attorney G. Criston Windham, for the State.*

*Kennedy, Kennedy, Kennedy and Kennedy, by Harold L. Kennedy, III and Harvey L. Kennedy, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that a preliminary hearing is required before a probation revocation hearing can be held. We disagree.

G.S. 15A-1345(c), which outlines when a preliminary hearing on a probation violation is required, states "Unless the hearing required by subsection (e) is first held or the probationer waives the hearing, a preliminary hearing on probation violation must be held. . . ." Subsection (e) requires that before probation can be revoked or extended, a hearing is required at which the judge "must make findings to support the decision." The record shows that the subsection (e) hearing was held and that all provisions of the statute were satisfied. Thus, no preliminary hearing was required.

Defendant next argues that the terms of probation were altered without written notice to him in violation of G.S. 15A-1343(c) because he was allowed to travel outside North Carolina. But there was no modification here where the original order allowed the court or the probation officer to give the defendant permission to leave the jurisdiction.

[2] Two facts are alleged to be due process violations by the defendant. First, it is asserted that the April violation was waived because the violation order was not filed until October. We find no reversible error on this point because we find no prejudice to the defendant as a result of this delay. Jacobs met and talked with the defendant during this six-month period on a

number of occasions in an attempt to resolve any problems with the probation. If anything, the delay worked to defendant's advantage.

[3]   The second alleged due process violation is the impeachment of defendant at the revocation hearing by a crime committed in Texas for which he had been pardoned. Although the general rule in North Carolina is that a defendant's credibility may be impeached on cross-examination, there are exceptions to the rule for convictions that are void for constitutional reasons or that have been expunged from the record. *See* 1 Brandis N.C. Evidence § 112 (1982). We note that the Federal Rules of Evidence would not allow this type of impeachment if the pardon was based on a finding of rehabilitation or innocence. Fed. R. Evid. 609(c).

No reversible error was committed here where the court was sitting without a jury. In such a case, it is assumed that the trial court disregards any incompetent evidence and considers only that which is competent. *See, e.g., State v. Baines,* 40 N.C. App. 545, 253 S.E. 2d 300 (1979).

[4]   Defendant also contends that there was insufficient evidence to show that he willfully and without lawful excuse violated the terms of probation. In the 15 December 1981 order extending probation, the court found three violations by defendant. First, he failed to report to Jacobs at reasonable times and in a reasonable manner. Second, he changed his place of residence without obtaining prior approval from Jacobs. Third, he failed to remain within the court's jurisdiction and was not granted permission to leave by the court or the probation officer when he went to Texas on 9 and 10 April 1981.

Probation revocation hearings do not require proof beyond a reasonable doubt since probation is

> an act of grace. . . . All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended.

*State v. Duncan,* 270 N.C. 241, 245, 154 S.E. 2d 53, 57 (1967); *State v. Hewett,* 270 N.C. 348, 353, 154 S.E. 2d 476, 480 (1967). It is sufficient grounds to revoke the probation if only one condition is

State v. Seay

broken. *See State v. Braswell,* 283 N.C. 332, 196 S.E. 2d 185 (1973); *State v. Freeman,* 47 N.C. App. 171, 266 S.E. 2d 723, *disc. rev. denied* 301 N.C. 99, 273 S.E. 2d 304 (1980).

There are at least three areas that the trial judge reasonably could have found a probation violation. First, Jacobs testified that the defendant was in Texas on 9 and 10 April without permission and did not return to see Jacobs until 12 June. This could be seen as a violation of the condition that he come back every 30 days to Winston-Salem.

Second, in his 25 September letter in response to Jacobs' 16 September letter suggesting a transfer of the case to Texas, defendant objected to the transfer and stated that he would accept collect calls from Jacobs and write him a monthly letter. This could be seen as a violation of the condition requiring defendant to report as directed by the probation officer. We note that the fact that Jacobs filed the violation order three weeks after the defendant wrote this letter does not amount to a first amendment freedom of speech violation, as defendant claims.

Finally, the court could have found that the defendant changed his residence without permission. When an attorney for a party to another lawsuit to which the defendant was a party tried to take his deposition, the defendant refused to appear, asserted that he was an out-of-state resident and had not been given sufficient notice under the Rules of Civil Procedure. Any one of these three alleged violations reasonably could be found to be probation violations.

[5] Defendant's final assignment of error attacks the 8 February 1982 order requiring him to post an appearance bond. The court entered this order after an oral motion by the State on 26 January.

We note that a motion for an appearance bond like the one here does not have to be in writing since it was made during a hearing. G.S. 15A-951(a)(1). In addition, any prejudice to the defendant was eliminated when the matter was postponed until 8 February. Finally, we find no authority that the same judge who signed the appeal entry must also set any appearance bond, as defendant contends. This is not a case where one superior court judge is modifying, reversing or setting aside the judgment of

another superior court judge, which is prohibited. *See State v. McClure,* 280 N.C. 288, 185 S.E. 2d 693 (1972); 3 Strong's N.C. Index 3d *Courts* § 9 (1976).

No error.

Judges HILL and JOHNSON concur.