STATE OF NORTH CAROLINA v. TAHISIA L. BELCHER

No. COA04-1671

(Filed 4 October 2005)

**1. Probation and Parole— probation revocation—credit for prior confinement**

The trial court erred in a probation revocation hearing by failing to award defendant credit on her activated sentence for her prior confinement for violation of her probation, and the case is remanded for entry of a new judgment crediting defendant for her prior confinement, because: (1) N.C.G.S. § 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as the result of the charge; (2) our Supreme Court has held that a defendant receives credit for time previously spent incarcerated for violation of probation upon the revocation of probation and activation of a suspended sentence; and (3) defendant is entitled to a thirty-day credit for that time she previously spent incarcerated for violation of her probation.

**2. Probation and Parole— probation revocation—findings of fact**

The trial court did not err by revoking defendant's probation for obtaining property by false pretenses and activating her sentence, because: (1) although the trial court is required to make findings of fact demonstrating that it considered the evidence offered at a probation revocation hearing, it would not be reasonable to require the trial court to make specific findings of fact on each of defendant's allegations tending to justify her breach of

conditions; (2) assuming arguendo that the trial court erred by making the finding that defendant was not present at several curfew checks, defendant failed to demonstrate prejudice resulting from the alleged error; (3) a review of the record revealed that sufficient evidence supported the trial court's findings regarding defendant's other alleged probation violations; and (4) although defendant offered an explanation regarding several of the alleged violations, substantial evidence existed in the record to reasonably satisfy the trial court that defendant breached the conditions of her probation without lawful excuse.

Appeal by defendant from judgment entered 16 August 2004 by Judge W. Russell Duke, Jr., in Pitt County Superior Court. Heard in the Court of Appeals 25 August 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Kelly D. Miller, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Tahisia L. Belcher ("defendant") appeals the trial court judgment revoking her probation for obtaining property by false pretenses. For the reasons discussed herein, we hold that the trial court did not err by revoking defendant's probation, but we remand the case to the trial court for resentencing.

The facts and procedural history pertinent to the instant appeal are as follows: On 8 April 2003, defendant pled guilty to obtaining property by false pretenses, and she was sentenced to six to eight months incarceration. The trial court subsequently suspended defendant's sentence and placed her on supervised probation for twenty-four months. In addition to the usual terms and conditions of supervised probation, defendant was required to pay restitution and complete forty-eight hours of community service.

On 25 September 2003, the State filed a probation violation report against defendant, alleging that defendant: (i) failed to complete her required amount of community service; (ii) failed to report to her probation officer at the required time; (iii) failed to notify her probation officer of her change in address; and (iv) was in arrears of the monetary conditions of her probation. On 30 December 2003, the

trial court found defendant in contempt of court under N.C. Gen. Stat. § 15A-1344(e1), and it sentenced her to thirty days imprisonment. The trial court further ordered that defendant submit to intensive supervision for six months, and it granted defendant sixty additional days to complete her required amount of community service.

On 29 March 2004, the State filed a second probation violation report against defendant. The report alleged that defendant: (i) tested positive for cocaine; (ii) failed to complete her required amount of community service; (iii) failed to report for three scheduled office visits; (iv) failed to be present at her residence for twelve curfew checks; (v) failed to notify her probation officer of her change in address; and (vi) was in arrears of the monetary conditions of her probation.

A probation violation hearing was held on 16 August 2004. At the hearing, defendant admitted through counsel to testing positive for cocaine. Defendant also admitted to failing to complete her community service requirements, but she explained through counsel that she was pregnant at the time of the hearing, and that it was "a high-risk pregnancy" that left her unable to complete the requirements. Although she denied being absent for six curfew checks, defendant admitted being absent for the remaining six curfew checks. However, defense counsel later withdrew that admission, noting that there were no times alleged in association with the violations and that defendant thus did not know "what times they're alleging that she was not there[.]" As an explanation for her admitted failure to report for scheduled office visits and notify her probation officer of her change in address, defendant informed the trial court that she was working and that she and her sister had an argument and that she had moved from her sister's residence to her mother's residence. Defendant explained that she did not inform her probation officer about the move because "she was afraid she was already going to get violated and this would just result in her getting locked up." As to her being in arrears of the monetary conditions of her probation, defendant explained that "she has two children, she's got a third on the way, and . . . simply . . . doesn't have but so much money to go around and she's been using it to support herself and support her children."

Following testimony and argument from both parties, the trial court found "a wilful violation of probation" and adopted the allegations of the 29 March 2004 probation violation report. The trial court revoked defendant's suspended sentence and sentenced her to six to

eight months imprisonment, with credit for the nine days she spent incarcerated prior to entry of the judgment. Defendant appeals.

---

The issues on appeal are whether the trial court erred by: (I) failing to award defendant credit for her prior confinement for violation of her probation; and (II) revoking defendant's probation pursuant to the State's allegations.

[1] Defendant first argues that the trial court erred by failing to award her credit for her prior confinement for violation of her probation. We agree.

Regarding "Credits Against The Service Of Sentences And For Attainment Of Prison Privileges," N.C. Gen. Stat. § 15-196.1 (2003) provides as follows:

> The minimum and maximum term of a sentence shall be credited with and diminished by the total amount of time a defendant has spent, committed to or in confinement in any State or local correctional, mental or other institution as a result of the charge that culminated in the sentence. The credit provided shall be calculated from the date custody under the charge commenced and shall include credit for all time spent in custody pending trial, trial de novo, appeal, retrial, or pending parole, probation, or post-release supervision revocation hearing: Provided, however, the credit available herein shall not include any time that is credited on the term of a previously imposed sentence to which a defendant is subject.

In *State v. Farris*, 336 N.C. 552, 444 S.E.2d 182 (1994), our Supreme Court held that, upon the revocation of his probation and activation of his suspended sentence, the defendant was entitled to a ninety-day credit for time he previously spent incarcerated for violation of his probation. The Court concluded that "[t]he language of section 15-196.1 manifests the legislature's intention that a defendant be credited with all time [the] defendant was in custody and not at liberty as the result of the charge." *Id.* at 556, 444 S.E.2d at 185.

In the instant case, we note that the State, citing *Farris*, asserts in its brief that it "does not contest defendant's entitlement to 30 days credit for time served." After reviewing the applicable case and statutory law, we conclude that defendant is entitled to a thirty-day credit for that time she previously spent incarcerated for violation of her probation. Accordingly, we remand the case to the trial court

for entry of a new judgment crediting defendant for thirty days of prior confinement.[1]

[2] Defendant next argues that the trial court erred by revoking her probation. Defendant asserts that the trial court failed to consider all the evidence and made improper findings unsupported by competent evidence. We disagree.

A probation revocation hearing "is not governed by the rules of a criminal trial[,]" and therefore "a jury is not required . . . nor must the proof of violation be beyond a reasonable doubt." *State v. Freeman*, 47 N.C. App. 171, 175, 266 S.E.2d 723, 725, *disc. review denied*, 301 N.C. 99, 273 S.E.2d 304 (1980). Instead, the trial court's decision at a probation revocation hearing "takes account of the law and the particular circumstances of the case, and 'is directed by the reason and conscience of the judge to a just result.' " *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967) (quoting *Langnes v. Green*, 282 U.S. 531, 541, 75 L. Ed. 520, 526 (1931)). "The evidence need [only] be such that reasonably satisfies the trial judge in the exercise of his sound discretion that the defendant has violated a valid condition on which the sentence was suspended." *Freeman*, 47 N.C. at 175, 266 S.E.2d at 725.

In the instant case, the trial court found defendant to have violated several conditions of her probation by: (i) testing positive for cocaine; (ii) failing to complete her required amount of community service; (iii) failing to be present at curfew checks and scheduled office visits; (iv) failing to notify her probation officer of her change of address; and (v) being in arrears of her required monetary payments. Defendant contends that the trial court's findings are conclusory and demonstrate that it failed to consider evidence regarding the willfulness of several of the probation violations as well as her denial of curfew violations. Although we note that the trial court is required to make findings of fact demonstrating that it considered the evidence offered at a probation revocation hearing, we also note that "[i]t would not be reasonable to require that [the trial court] make specific findings of fact on each of [the] defendant's allegations tend-

---

1. We note that in its judgment revoking defendant's probation, the trial court incorrectly checked the box indicating in part that defendant "waived a violation hearing" and admitted to the violations. As discussed *supra*, a violation hearing was actually held. Furthermore, although defendant admitted to several of the probation violations, as also discussed *supra*, she offered explanation for some of the violations. While defendant has failed to demonstrate any prejudice arising from this seemingly inadvertent error, because we remand the case for correction of the sentencing error, we further instruct the trial court to correct this error on remand as well.

ing to justify his breach of conditions." *State v. Williamson*, 61 N.C. App. 531, 535, 301 S.E.2d 423, 426 (1983). Therefore, although we encourage trial courts to be "explicit in [their] findings by stating that [they] ha[ve] considered and evaluated [the] defendant's evidence . . . and found it insufficient to justify breach of the probation condition, [a] failure to do so does not constitute an abuse of discretion." *Id.* Accordingly, we conclude that the trial court did not abuse its discretion in the instant case by failing to enter findings regarding the sufficiency of the explanations offered by defendant at the revocation hearing.

Defendant further contends that the trial court was prohibited from revoking her probation because the finding that she was not present at several curfew checks was based upon a deficient allegation as well as incompetent evidence. Assuming *arguendo* that the trial court erred by making this finding, defendant has failed to demonstrate prejudice resulting from the alleged error. Our courts have consistently held that violation of a single requirement of probation is sufficient to warrant revocation of that probation. *See State v. Braswell*, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973) ("The breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence."); *State v. Seay*, 59 N.C. App. 667, 670-71, 298 S.E.2d 53, 55 (1982) ("It is sufficient grounds to revoke the probation if only one condition is broken."), *disc. review denied*, 307 N.C. 701, 301 S.E.2d 394 (1983). After reviewing the record in the instant case, we conclude that sufficient evidence supports the trial court's findings regarding defendant's other alleged probation violations. Although defendant offered an explanation regarding several of the alleged violations, we note that substantial evidence exists in the record to reasonably satisfy the trial court that defendant breached the conditions of her probation without lawful excuse. Accordingly, the trial court did not err by revoking defendant's probation and activating her sentence.

In light of the foregoing conclusions, we hold that the trial court did not err by revoking defendant's probation and activating her sentence, but we remand the case to the trial court for entry of a new judgment crediting defendant for her prior confinement.

No error in part; remanded in part.

Judges HUDSON and ELMORE concur.