STATE OF NORTH CAROLINA v. TYRONE BRAXTON HENDERSON

No. COA05-1425

(Filed 15 August 2006)

**1. Probation and Parole— revocation—after expiration of probation period—jurisdiction**

The trial court lacked jurisdiction to revoke the first of defendant's two probations where the revocation hearing was held after the expiration of his probation period. Defendant's arrest on an assault charge tolled the period of probation, but the remaining time expired after his plea to that charge and before the hearing. The court could have revoked defendant's probation if the State had filed a written motion before the expiration of the probation period indicating intent to conduct a hearing and the court had found that the State had made a reasonable effort to conduct the revocation hearing earlier, but these conditions did not occur. N.C.G.S. § 15A-1344(d) and (f).

**2. Probation and Parole— revocation—findings**

The trial court's findings concerning a probation revocation were sufficient, although they were mostly contained in preprinted text.

STATE v. HENDERSON

[179 N.C. App. 191 (2006)]

**3. Probation and Parole— revocation—notice of probation terms**

Defendant was given notice of the terms of his probation sufficient for revocation where he acknowledged the monetary condition, that condition was not changed in a subsequent modification, and the breach of that condition was a valid basis for revocation.

**4. Probation and Parole— revocation—new probation officer—non-hearsay testimony sufficient**

There was sufficient non-hearsay evidence to support a probation revocation, even if the Rules of Evidence applied in probation proceedings.

Appeal by defendant from judgments entered 31 May 2005 by Judge Timothy S. Kincaid in Superior Court, Wilkes County. Heard in the Court of Appeals 7 June 2006.

*Attorney General Roy Cooper, by Special Deputy Attorney General Lars F. Nance, for the State.*

*Hall & Hall, P.C., by Douglas L. Hall, for defendant-appellant.*

McGEE, Judge.

Tyrone Braxton Henderson (defendant) pled no contest on 5 January 2000 to one charge of possession of cocaine. Defendant received a suspended sentence of six to eight months in prison and was placed on supervised probation for twenty-four months (first probation). The conditions of defendant's first probation mandated that defendant, *inter alia*: (1) commit no criminal offense; (2) report to a probation officer as directed; (3) notify the probation officer if defendant failed to obtain or maintain gainful employment; and (4) pay $494.00 in costs, fines, and fees, as well as a probation supervision fee to be determined by defendant's probation officer. At a probation violation hearing, defendant was found to have violated conditions of his first probation, and in an order filed 17 July 2000, defendant's first probation was extended for one year to 4 December 2002.

Defendant was arrested on 3 November 2002 pursuant to a warrant alleging felonious assault with a deadly weapon inflicting serious injury. Defendant's probation officer filed a probation violation report on 25 November 2002 alleging violations of defendant's first proba-

STATE v. HENDERSON

[179 N.C. App. 191 (2006)]

tion and noting defendant's pending criminal charge. This probation violation report was never heard by the trial court, and the expiration date of defendant's first probation, 4 December 2002, passed without further court proceedings. As to defendant's pending criminal charge, defendant pled no contest to a reduced charge of misdemeanor assault with a deadly weapon. In a judgment dated 17 September 2003, defendant received a suspended sentence of 150 days and was placed on supervised probation for thirty months (second probation). The conditions of defendant's second probation were, *inter alia*: (1) to report to his probation officer as directed; (2) to notify the probation officer if he failed to obtain or maintain gainful employment; and (3) to pay $383.00 in costs and fees, as well as a probation supervision fee to be determined by the probation officer.

Defendant's probation officer filed a probation violation report on 13 October 2003 alleging defendant violated his second probation by failing to report to his probation officer. In a 28 October 2003 addendum to the probation violation report, the probation officer alleged defendant also violated his first probation by: (1) using and testing positive for cocaine; (2) failing to report for office visits; (3) failing to pay the supervision fee; and (4) committing the aforementioned criminal offense of assault with a deadly weapon. In two separate orders signed 17 November 2003, the trial court modified each of defendant's probationary sentences to include intensive probation, and extended defendant's first probation for five years, to 3 December 2004. By an order signed 27 October 2004, defendant's first probation was extended for an additional six months, to 1 June 2005. Defendant executed a waiver of his right to a hearing and agreed to the extension.

In a probation violation report dated 5 April 2005, defendant's probation officer alleged that defendant committed numerous violations of his first probation. The report alleged that defendant: (1) failed and refused to report to his probation officer; (2) failed to notify the probation officer of gainful employment; (3) was in arrears on the monetary conditions of his probation; and (4) was unsuccessfully terminated from a therapeutic program. In a second probation violation report dated 5 April 2005, the probation officer alleged that defendant also violated conditions of his second probation in that defendant: (1) was in arrears on the monetary conditions of his probation; (2) failed to report to his probation officer; and (3) failed to report gainful employment.

A hearing was held 31 May 2005 on the alleged probation violations. At the hearing, defendant's probation officer testified that defendant had violated the conditions as set forth in the two 5 April 2005 violation reports. The probation officer stated that "[defendant] also has failed to pay $383 on [the September 2003 judgment]. [Defendant has] paid nothing on it to date. I checked that this morning." Defendant testified that he had discussed the allegations in the probation violation reports with his attorney and understood that he had a right to deny the allegations. Defendant then admitted that he failed to comply with the terms and conditions of his probation. The trial court orally stated that "[defendant] voluntarily admitted that he failed to comply with the terms and conditions of his probation as set forth in the April 5, 2005 violation reports." The trial court concluded as a matter of law that defendant had "done so without legal excuse or lawful justification." In orders signed 31 May 2005, the trial court entered judgments revoking both of defendant's probationary sentences and activating both suspended sentences. Defendant appeals from both judgments.

I.

[1] "When a superior court judge, as a result of a finding of a violation of probation, activates a sentence . . . the defendant may appeal under [N.C.]G.S. [§] 7A-27." N.C. Gen. Stat. § 15A-1347 (2005). It is well settled that " '[a] court's jurisdiction to review a probationer's compliance with the terms of his probation is limited by statute.' " *State v. Burns*, 171 N.C. App. 759, 760, 615 S.E.2d 347, 348 (2005) (quoting *State v. Hicks*, 148 N.C. App. 203, 204, 557 S.E.2d 594, 595 (2001)). N.C. Gen. Stat. § 15A-1344(d) (2005) provides, in pertinent part: "At any time prior to the expiration or termination of the probation period, the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under [N.C.]G.S. [§] 15A-1342(a) and may modify the conditions of probation."

Defendant argues the trial court lacked jurisdiction to revoke his first probation and activate his sentence because the revocation hearing was held after defendant's probationary period expired. We agree, and arrest judgment on this revocation and sentence activation.

Defendant's first probation was set to expire on 4 December 2002. However, pursuant to N.C.G.S. § 15A-1344(d), defendant's first probation tolled for the period his assault charge was pending. N.C.G.S. § 15A-1344(d) provides:

> The probation period shall be tolled if the probationer shall have pending against him criminal charges in any court of competent jurisdiction, which, upon conviction, could result in revocation proceedings against him for violation of the terms of this probation. . . . If a convicted defendant violates a condition of probation at any time prior to the expiration or termination of the period of probation, the court . . . may continue him on probation, with or without modifying the conditions . . . or, if continuation [or] modification . . . is not appropriate, may revoke the probation and activate the suspended sentence imposed at the time of initial sentencing[.]

Under the statute, a defendant's probationary period is automatically suspended when new criminal charges are brought. In the present case, defendant's first probation tolled on 3 November 2002, when defendant was served with an arrest warrant for assault with a deadly weapon with intent to kill. *See* Robert L. Farb, *Arrest, Search, and Investigation in North Carolina* 32 (3d ed. 2003) (stating that an arrest warrant charges a person with a criminal offense). As of his arrest on 3 November 2002, defendant had thirty-one days remaining on his first probation. Therefore, the trial court had jurisdiction pursuant to N.C.G.S. § 15A-1344(d) to revoke or modify defendant's first probation up to thirty-one days after the charge was no longer pending. Defendant's charge was resolved by entry of defendant's plea and subsequent judgment signed 17 September 2003. The trial court's order dated 17 November 2003, based upon probation violations alleged in the 28 October 2003 violation report, and which modified and extended defendant's first probation, was entered more than thirty-one days after defendant's plea and subsequent judgment. Accordingly, the 17 November 2003 order was entered after the expiration of defendant's first probation, and the trial court therefore lacked jurisdiction under N.C.G.S. § 15A-1344(d) to modify and extend defendant's first probation on 17 November 2003.

Under N.C. Gen. Stat. § 15A-1344(f) (2005), a trial court may revoke a defendant's probation after the probationary period has expired if:

> (1) Before the expiration of the period of probation the State has filed a written motion with the clerk indicating its intent to conduct a revocation hearing; and

> (2) The court finds that the State has made reasonable effort to notify the probationer and to conduct the [revocation] hearing earlier.

In the present case, the trial court held defendant's probation revocation hearing on 31 May 2005, more than eighteen months after defendant's first probation expired. There is no indication from the record that the State filed a written motion indicating the State's intent to conduct a revocation hearing before the expiration of defendant's first probation. Furthermore, the record shows that the trial court did not make any findings that the State made a reasonable effort to conduct the revocation hearing earlier. Accordingly, we adopt our Court's holding in *State v. Hall* that " 'jurisdiction was lost by the lapse of time and the court had no power to enter a revocation judgment against defendant.' " *Hall*, 160 N.C. App. 593, 594, 586 S.E.2d 561, 561 (2003) (quoting *State v. Camp*, 299 N.C. 524, 528, 263 S.E.2d 592, 595 (1980)) (arresting a probation revocation judgment where the revocation hearing was held three months after the defendant's probation expired). The judgment revoking defendant's first probation and activating defendant's suspended sentence of six to eight months is arrested. *See id.* at 593-94, 586 S.E.2d at 561.

II.

**[2]** Defendant argues the trial court also erred in revoking his second probation and activating his suspended sentence of 150 days. Defendant argues the trial court failed to make sufficient findings of fact to support the revocation of defendant's probation. We disagree.

"Before revoking or extending probation, [a trial] court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision[.]" N.C. Gen. Stat. § 15A-1345(e) (2005). "The minimum requirements of due process in a final probation revocation hearing . . . shall include[] . . . a written judgment by the [trial court] which shall contain (a) findings of fact as to the evidence relied on, [and] (b) reasons for revoking probation." *State v. Williamson*, 61 N.C. App. 531, 533-34, 301 S.E.2d 423, 425 (1983). As this Court stated in *State v. Belcher*, 173 N.C. App. 620, 619 S.E.2d 567 (2005), "although we encourage trial courts to be 'explicit in [their] findings by stating that [they] ha[ve] considered and evaluated [the] defendant's evidence . . . and found it insufficient to justify breach of the probation condition, [a] failure to do so does not constitute an abuse of discretion.' " *Belcher*, 173 N.C. App. at 625, 619 S.E.2d at 570 (quoting *Williamson*, 61 N.C. App. at 535, 301 S.E.2d at 426).

In the present case, the trial court set forth its findings on the form for Judgment and Commitment Upon Revocation of Probation,

AOC-CR-608. The form stated, albeit mostly in preprinted text, that (1) the record together with the evidence presented at the hearing had been considered, (2) defendant was charged with violation of probation conditions as alleged in the violation reports, which were incorporated by reference, (3) the trial court was reasonably satisfied, by the evidence presented, that defendant violated each of the conditions set forth in the violation reports dated 5 April 2005, and (4) each violation was sufficient to revoke defendant's second probation and activate his suspended sentence. Defendant argues the trial court's findings were not sufficiently specific to enable an appellate court to review the trial court's decision, citing *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982). We disagree. We conclude the completed form, together with the probation violation report which was incorporated by reference, contained sufficient findings of fact to support revocation of defendant's second probation. This assignment of error is overruled.

### III.

**[3]** Defendant next argues the trial court erred in finding defendant violated conditions of his second probation where there was no documentation in the record that defendant was ever advised of the conditions of his probation.

N.C. Gen. Stat. § 15A-1343(c) (2005) mandates that "[a] defendant released on supervised probation must be given a written statement explicitly setting forth the conditions on which [the defendant] is being released. If any modification of the terms of that probation is subsequently made, [the defendant] must be given a written statement setting forth the modifications." If the record does not explicitly demonstrate that a defendant received written notification of the terms and conditions of probation, the condition prescribed by the trial court is invalid. *State v. Lambert*, 146 N.C. App. 360, 368, 553 S.E.2d 71, 78 (2001), *disc. review denied*, 355 N.C. 289, 561 S.E.2d 271 (2002).

In the present case, the record shows, and defendant concedes, that defendant executed an acknowledgment on 17 September 2003 of the monetary conditions of his second probation. Despite the subsequent modification of defendant's second probation by the 17 November 2003 order, the monetary condition was not modified and therefore remained in full force and effect. That valid condition of probation was one of the allegations upon which the trial court revoked defendant's second probation. Because the record explicitly

STATE v. HENDERSON

[179 N.C. App. 191 (2006)]

demonstrates that defendant received written notification of the monetary condition, the breach of this condition was a valid basis upon which defendant's second probation could be revoked. The breach of this one condition was sufficient grounds to revoke defendant's second probation. *See State v. Seay*, 59 N.C. App. 667, 670-71, 298 S.E.2d 53, 55 (1982) (holding that "[i]t is sufficient grounds to revoke [a] probation if only one condition [of the probation] is broken"), *disc. review denied*, 307 N.C. 701, 301 S.E.2d 394 (1983).

## IV.

[4] Defendant argues there was no competent evidence of any probation violation by defendant because the probation officer, who presented the violations to the trial court, had been recently assigned to the case and had no actual knowledge of any violations by defendant. Defendant thus contends that the only evidence presented at trial was incompetent hearsay evidence introduced by the probation officer. We disagree.

N.C. Gen. Stat. § 8C-1, Rule 1101(b)(3) (2005) specifically states that the rules of evidence do not apply in proceedings granting or revoking probation. However, even were the rules of evidence to fully apply in defendant's hearing, the State presented non-hearsay evidence sufficient to support defendant's probation violation. In light of defendant's clear admission of violations of the conditions of his probation and the probation officer's testimony that he was personally aware of defendant's arrearage, competent evidence exists in the record to support revocation of defendant's probation. This assignment of error is overruled.

## V.

Defendant's remaining assignments of error not argued in his brief are deemed abandoned. *See* N.C.R. App. P. 28(b)(6). The judgment dated 31 May 2005 revoking defendant's first probation and activating the sentence of six to eight months is hereby arrested. The judgment dated 31 May 2005 revoking defendant's second probation and activating the sentence of 150 days is hereby affirmed.

Judgment arrested in 99 CRS 5905; judgment affirmed in 02 CRS 54723.

Judges ELMORE and STEELMAN concur.