STATE OF NORTH CAROLINA
v.
KENNA BOYD MILLSAP
No. COA09-627.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Karissa J. Davan, for the State.
Faith S. Bushnaq for Defendant-Appellant.
McGEE, Judge.
Defendant appeals from judgments entered on 18 September 2008 revoking her probation and activating three consecutive six to eight month sentences.
Defendant pleaded guilty on 14 January 2008 to one count of felony larceny (07 CRS 59233) and two counts of obtaining property by false pretenses (07 CRS 59234 and 59235). Defendant was sentenced to three consecutive suspended terms of six months to eight months, and sixty months of supervised probation. In addition, the judgment in 07 CRS 59233 included payment of restitution and the performance of 100 hours of community service within 180 days. The judgment in 07 CRS 59234 included a separate restitution requirement.
Violation reports were filed as to all three judgments on 1 August 2008, alleging that Defendant had violated the conditions of her probation as follows: (1) Defendant had completed none of the 100 hours of community service ordered by the trial court; (2) Defendant had failed to report for a scheduled appointment with her probation officer on 2 June 2008 and had failed to return phone calls or make any effort to schedule an appointment with her probation officer; and (3) Defendant had paid a total of $100.00 towards court fees and was in arrears in the amount of $2,050.00.
A probation revocation hearing was held on 18 September 2008, at which time Defendant denied the violations. At the hearing, Defendant's probation officer testified that as of 2 September 2008, Defendant had not started any of her community service hours. Since that time, the system showed that Defendant had completed 19-1/2 hours of the 100 hours ordered. The probation officer also testified that Defendant had not met with prior probation officers from January through 6 May 2008, and that she had missed her June appointment. In fact, there was such difficulty with contacting Defendant, that a surveillance officer was sent out to Defendant's home to determine whether she had absconded. The probation officer further testified about Defendant's financial arrearage. In one case, Defendant owed $58,574.00 and had paid only $100.00 toward restitution. In that case, Defendant was behind $2,440.00. In the other case, Defendant owed $3,900.00, had paid only $100.00, and was behind $500.00.
Defendant also testified at the hearing. She testified that she had not been able to work much due to the downturn in the economy. She further testified that she tried to contact her probation officer when she missed her June appointment, but for various reasons was unable to reach him. Additionally, Defendant indicated that she had to turn her car in because of her financial situation, and that she could not get to her community service location. Defendant introduced letters from two employers who stated they had cut back due to the economy. Also, one of the employers testified at the hearing regarding Defendant's cut in hours and her lack of transportation.
Following the hearing, the trial court found that Defendant had willfully violated the terms and conditions of her probation. The trial court revoked Defendant's probation and activated her suspended sentences. Defendant appeals.
Defendant first argues the trial court erred in entering written judgments revoking her probation that imposed consecutive sentences when the judgment announced in open court was silent as to consecutive sentences. We find this argument to be without merit.
"`The sentence actually imposed . . . was the sentence contained in the written judgment,' not the sentence rendered in open court." State v. Hanner, 188 N.C. App. 137, 139, 654 S.E.2d 820, 821 (2008) (citations omitted). In this case, the written judgments entered specified that the sentences were to run consecutively. Accordingly, we overrule this assignment of error.
Defendant next argues that the trial court erred by revoking her probation when there was insufficient evidence that she willfully and without lawful excuse violated the conditions of her probation. Defendant further argues that the trial court erred when it failed to make findings of fact indicating it had considered Defendant's evidence.
To revoke a defendant's probation, the trial court need only find that the defendant has "willfully violated a valid condition of probation or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended." State v. Hewett, 270 N.C. 348, 353, 154 S.E.2d 476, 480 (1967). "Additionally, once the State has presented competent evidence establishing a defendant's failure to comply with the terms of probation, the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." State v. Terry, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002) (citation omitted). "If the trial court is then reasonably satisfied that the defendant has violated a condition upon which a prior sentence was suspended, it may within its sound discretion revoke the probation." Id. at 438, 562 S.E.2d at 540 (citation omitted).
In this case, the evidence presented by the State showed that Defendant had not completed her community service requirements, had failed to report for a meeting with her probation officer, and was behind on her restitution obligations. The trial court heard testimony concerning Defendant's reduced earnings and lack of transportation. Furthermore, the trial court admitted into evidence letters from two of Defendant's employers regarding her reduced working hours.
Although we note that the trial court is required to make findings of fact demonstrating that it considered the evidence offered at a probation revocation hearing, we also note that "[i]t would not be reasonable to require that [the trial court] make specific findings of fact on each of [the] defendant's allegations tending to justify his breach of conditions."
State v. Belcher, 173 N.C. App. 620, 624-25, 619 S.E.2d 567, 570 (2005) (citation omitted). "Therefore, although we encourage trial courts to be `explicit in [their] findings by stating that [they] ha[ve] considered and evaluated [the] defendant's evidence . . . and found it insufficient to justify breach of the probation condition, [a] failure to do so does not constitute an abuse of discretion.'" Id. at 625, 619 S.E.2d at 570. Accordingly, we conclude that the trial court did not abuse its discretion in revoking Defendant's probation. The assignments of error are overruled.
Lastly, Defendant has identified a clerical error on two of the judgments entered by the trial court. Defendant was originally convicted of one count of larceny and two counts of obtaining property by false pretenses; however, all three judgments entered on 18 September 2008 list the offense as larceny.
"[A] court of record has the inherent power to make its records speak the truth and, to that end, to amend its records to correct clerical mistakes or supply defects or omissions therein." State v. Davis, 123 N.C. App. 240, 242-43, 472 S.E.2d 392, 393 (1996) (citations omitted). Therefore, we remand the case to the trial court for correction of the clerical error in the judgments.
Affirmed; remanded for correction of judgments.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).