An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-626

NORTH CAROLINA COURT OF APPEALS

Filed:  21 January 2014

STATE OF NORTH CAROLINA

v.                                    Rutherford County
                                      No. 11 CRS 2459
RODNEY LEE WILLIS,
    Defendant.


Appeal by defendant from judgment entered 29 October 2012 by Judge Laura J. Bridges in Rutherford County Superior Court. Heard in the Court of Appeals 9 December 2013.

> *Roy Cooper, Attorney General, by Ann Stone, Assistant Attorney General, for the State.*

> *J. Thomas Diepenbrock, for defendant-appellant.*


MARTIN, Chief Judge.


Defendant Rodney Lee Willis appeals from the judgment entered upon the revocation of his probation for indecent liberties with a child.  For the reasons stated herein, we must vacate the judgment and remand this case to the trial court for entry of a new judgment consistent with this opinion.

On 4 August 2010, defendant pleaded guilty to one count of

incest and one count of indecent liberties with a child. The trial court entered a judgment upon the incest conviction imposing an active sentence of 20 to 24 months imprisonment with credit for the 413 days defendant spent in prejudgment confinement. As to the indecent liberties with a child conviction, the trial court entered a judgment imposing a suspended sentence of 26 to 32 months imprisonment and placing defendant on supervised probation for 30 months. The trial court did not award credit for the time defendant spent in prejudgment confinement against his sentence for indecent liberties with a child. The judgments did not indicate whether the probationary sentence was to run concurrently or consecutively with the sentence of active imprisonment.

On 31 August 2012, the State filed a violation report alleging that defendant willfully violated the conditions of his probation. Defendant admitted to the alleged violations at a hearing held on 29 October 2012. Based upon defendant's admission, the trial court revoked defendant's probation and activated his suspended sentence of 26 to 32 months imprisonment with credit for the 63 days defendant spent in confinement awaiting hearing on the probation violation. Defendant appeals.

_____

Defendant's sole argument on appeal is that the trial court

failed to fully credit his activated sentence for indecent liberties with a child. Specifically, defendant contends the trial court erred by failing to credit his activated sentence for indecent liberties with a child with the 413 days he spent in prejudgment confinement as a result of the charges that culminated in the sentences imposed on 4 August 2010.

We review alleged sentencing errors to determine "'whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing.'" *State v. Deese*, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (quoting N.C. Gen. Stat. § 15A-1444(a1) (Cum. Supp. 1996)). A defendant is entitled to credit against his sentence for "the total amount of time a defendant has spent . . . in confinement in any State or local correctional . . . institution as a result of the charge that culminated in the sentence." N.C. Gen. Stat. § 15-196.1 (2013). "The language of section 15-196.1 manifests the legislature's intention that a defendant be credited with all time defendant was in custody and not at liberty as the result of the charge." *State v. Farris*, 336 N.C. 552, 556, 444 S.E.2d 182, 185 (1994).

Where a defendant has spent time in custody as the result of multiple charges that culminate in concurrent sentences, each concurrent sentence is "credited with so much of the time as was spent in custody due to the offense resulting in the sentence."

N.C. Gen. Stat. § 15-196.2 (2013). A probationary sentence runs concurrently with a sentence of imprisonment imposed at the same time, unless otherwise specified by the trial court. N.C. Gen. Stat. § 15A-1346(b) (2013). In addition, a suspended sentence that is activated upon revocation of probation is credited with the time the defendant spent in confinement for the violation of probation. *State v. Belcher*, 173 N.C. App. 620, 623, 619 S.E.2d 567, 569 (2005). A defendant is therefore entitled to credit against his or her sentence for all time spent in confinement on a particular charge, whether prejudgment or postconviction. *State v. Reynolds*, 164 N.C. App. 406, 408, 595 S.E.2d 788, 789 (2004).

The record in this case reveals that defendant spent 413 days in prejudgment confinement as a result of both the incest and indecent liberties with a child charges that culminated in the sentences imposed on 4 August 2010 as well as 63 days in confinement awaiting hearing on the probation violation. The trial court properly credited defendant's activated sentence with the 63 days defendant spent in confinement for the violation of probation. *See Belcher*, 173 N.C. App. at 623, 619 S.E.2d at 569. The trial court should have, however, also credited the activated sentence with the 413 days defendant spent in prejudgment confinement. Because the original

judgments did not specify whether the sentences were to run concurrently or consecutively, the sentences ran concurrently. *See* N.C. Gen. Stat. § 15A-1346(b). The concurrent sentences, therefore, should have both been credited with 413 days of prejudgment confinement. *See* N.C. Gen. Stat. § 15-196.2; *State v. Dudley*, 319 N.C. 656, 660, 356 S.E.2d 361, 364 (1987) (holding that defendant given two concurrent life sentences "should have been credited on both life sentences with time spent in jail awaiting trial"). Accordingly, we hold that defendant is entitled to credit for the time he spent in prejudgment confinement against his sentence for indecent liberties with a child. Thus, we must vacate the judgment entered upon revocation of defendant's probation and remand this case to the trial court for entry of a new judgment crediting defendant's activated sentence with 413 days of prejudgment confinement.

Vacated and remanded.

Judges ERVIN and MCCULLOUGH concur.

Report per Rule 30(e).