An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-859

NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

v.

RICARDO DONNELL JONES

Guilford County
Nos. 10 CRS 76967,
        10 CRS 76969,
        10 CRS 76972

Appeal by Defendant from judgments entered 7 March 2013 by Judge Ronald E. Spivey in Guilford County Superior Court. Heard in the Court of Appeals 27 January 2014.

*Attorney General Roy Cooper, by Associate Attorney General Adrian Dellinger, for the State.*

*Daniel F. Read for Defendant.*

DILLON, Judge.

Defendant Ricardo Donnell Jones appeals from judgments entered after he admitted to violating his probation. Defendant contends the trial court erred by finding all of the alleged violations, when the State had abandoned some of the allegations, and abused its discretion by failing to adequately consider the impact of his mental illness on his ability to

comply with the terms of his probation. After careful review, we affirm.

## I. Background

On 10 May 2011, Defendant pled guilty to one count of misdemeanor larceny and two counts of felonious larceny. In the misdemeanor case, the trial court sentenced Defendant to 120 days imprisonment, but suspended the sentence and placed Defendant on supervised probation for 60 months. In the felony cases, the trial court sentenced Defendant to consecutive terms of 10 to 12 months, but again suspended the sentences and placed Defendant on supervised probation for 60 months.

On 27 July 2012, a probation officer filed a violation report in the misdemeanor case alleging that Defendant had tested positive for marijuana and cocaine. On 6 December 2012, the officer signed additional violation reports in all three cases alleging more positive drug screens, arrearages on Defendant's financial obligations, and new criminal convictions. The officer signed violation reports in February of 2013 alleging that Defendant had committed an assault that could be the basis for revocation if it resulted in conviction, but that the charge was still pending.

The matter of Defendant's probation violations came on for hearing on 27 February 2013. Defendant did not admit to a violation based on the pending assault charge, but admitted to the remaining violations. Defendant contended that he had physical and mental health problems and requested that the trial court allow him another chance to comply with the terms of his probation. Defendant further requested that, if the court were to revoke his probation, he be able to serve his activated sentences concurrently rather than consecutively. The trial court revoked probation, but ordered that Defendant's activated sentence in the misdemeanor case run concurrently with one of the felony cases. Defendant appeals.

## II. Analysis

Defendant's first argument is that the trial court erred by finding multiple grounds to revoke his probation when the State abandoned all of the allegations other than the new convictions. This argument lacks merit.

At the outset, we note that all of Defendant's probation violations occurred after 1 December 2011, and, therefore, his probation was subject to revocation only for obtaining additional criminal convictions or for absconding from supervision. N.C. Gen. Stat. § 15A-1344(a) (2011); *State v.*

*Hunnicutt*, \_\_\_ N.C. App. \_\_\_, \_\_\_, 740 S.E.2d 906, 910-11 (2013) (citation omitted).

Defendant, however, admitted to willfully violating his probation and stipulated to the factual basis to support the violations, including the new criminal convictions. The trial court found all of the violations alleged in the 6 December 2012 violation reports and further found that each violation, in and of itself, was a sufficient basis upon which to revoke Defendant's probation. Accordingly, the trial court made sufficient findings to support revocation of Defendant's probation pursuant to N.C. Gen. Stat. § 15A-1343(b)(1) (2011) and N.C. Gen. Stat. § 15A-1344(a) (2011). *State v. Henderson*, 179 N.C. App. 191, 197, 632 S.E.2d 818, 822 (2006) (findings on pre-printed form sufficient to support probation revocation). In light of Defendant's admitted violations, we decline to hold that any findings of grounds other than those authorized by N.C. Gen. Stat. § 15A-1344(a) prejudiced Defendant or that the trial court failed to exercise its discretion in revoking probation. *See State v. Seay*, 59 N.C. App. 667, 670-71, 298 S.E.2d 53, 55 (1982) (a finding of a violation of any valid condition of probation is sufficient to support revocation).

In Defendant's second argument, he contends the trial court abused its discretion by failing to sufficiently consider his mental health issues.  We disagree.

Because "probation is an act of grace by the State to one convicted of a crime[,] . . . an alleged violation of a probationary condition need not be proven beyond a reasonable doubt."  *State v. Hill*, 132 N.C. App. 209, 211, 510 S.E.2d 413, 414 (1999) (citation and quotation marks omitted).  Although a trial court is required to make findings showing it considered the evidence presented at a revocation hearing, it is not required to make findings addressing each of the defendant's excuses for non-compliance.  *State v. Belcher*, 173 N.C. App. 620, 625, 619 S.E.2d 567, 570 (2005) (citation omitted).

Here, Defendant admitted to violating the terms of his probation and the trial court's findings support its decision to revoke probation.  Furthermore, we note that Defendant asked the trial court to allow him to continue on probation due to his physical and mental health issues, or to consider running his sentences concurrently, rather than consecutively, if they were activated.  The trial court revoked probation, but elected to alter the original judgments to permit the misdemeanor sentence to run concurrently with one of the felony sentences.  Thus, the

record demonstrates that the trial court not only considered Defendant's excuse, but also altered the judgments to Defendant's benefit. Accordingly, we discern no abuse of discretion in the trial court's ruling.

AFFIRMED.

Chief Judge MARTIN and Judge HUNTER, JR. concur.

Report per Rule 30(e).