An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1218

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.

HEIDI AMELIA MARTIN

Edgecombe County
No. 13 CRS 324

Appeal by defendant from judgment entered 29 May 2013 by Judge Milton F. Fitch, Jr., in Edgecombe County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Ann Stone, for the State.*

> *William D. Spence for defendant-appellant.*

ELMORE, Judge.

Heidi Amelia Martin (defendant) appeals from the judgment entered upon the revocation of her probation. Defendant contends that the trial court abused its discretion by revoking her probation based on a positive drug test, rather than her admitted probation violation. We affirm.

On 24 January 2013, defendant pled guilty to felony possession of a schedule I controlled substance and was placed

on 18 months of supervised probation. On 16 April 2013, a probation officer filed a violation report alleging defendant had absconded from probation by "'willfully making the supervisee's whereabouts unknown to the supervising probation officer' in that, THE DEFENDANT HAS FAILED TO REPORT TO PROBATION OFFICE ON 04/02/12 AT 9:00, 04/05/13 AT 8:00 AM AND 04/11/13 at 13:00. THE DEFANT [sic] HAS FAILED TO MAKE WHEREABOUTS KNOWN, THEREFORE THE DEFENDANT HAS ABSCONDED SUPERVISION."

At the probation revocation hearing, defendant admitted to willfully violating her probation. Under questioning by the trial court, defendant denied using drugs. The trial court found that defendant was in willful violation of her probation, but elected not to revoke probation. Instead, the trial court ordered drug treatment and required defendant to submit to a drug test. When the drug test was positive for methamphetamine, however, the trial court revoked defendant's probation. In the written judgment revoking probation, the trial court found that defendant had violated probation as alleged in the violation report.

Defendant did not give oral notice of appeal at the revocation hearing, but wrote a letter to the trial court, dated

the same day as the revocation hearing, in which she expressed her desire to appeal. The trial court signed appellate entries.

At the outset, we address the sufficiency of defendant's *pro se* notice of appeal. Pursuant to N.C. Appellate Procedure Rule 4, notice of appeal in a criminal case "shall designate . . . the court to which appeal is taken[.]" N.C.R. App. P. 4. After entry of judgment, the defendant must also serve copies upon the State within fourteen days. *Id.*

Here, defendant acknowledges that she neglected to identify the court to which she appealed or to provide proof of service of the notice of appeal on the State. Defendant, therefore, has filed a petition for writ of certiorari seeking appellate review in the event her notice of appeal is deemed insufficient. In light of Rule 4 above, we dismiss defendant's appeal because she failed to file proper notice of appeal in a timely fashion. However, this Court may, in its discretion, issue a writ of certiorari "when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1). Thus, in our discretion, we allow defendant's petition.

In defendant's sole argument on appeal, she contends that the trial court abused its discretion by revoking her probation based on a positive drug screen. We disagree.

Currently, a trial court may "only revoke probation for a violation of a condition of probation under G.S. 15A-1343(b)(1) or G.S. 15A-1343(b)(3a), except as provided in G.S. 15A-1344(d2)." N.C. Gen. Stat. § 15A-1344(a) (2013). Thus, the grounds for probation revocation include when a defendant absconds "by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer, if the defendant is placed on supervised probation." N.C. Gen. Stat. § 15A-1343(b)(3a) (2013).

The trial court's decision at a probation revocation hearing "takes account of the law and the particular circumstances of the case, and 'is directed by the reason and conscience of the judge to a just result.'" *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967) (citations omitted). "The evidence need [only] be such that reasonably satisfies the trial judge in the exercise of his sound discretion that the defendant has violated a valid condition on which the sentence was suspended." *State v. Freeman*, 47 N.C. App. 171, 175, 266 S.E.2d 723, 725, *disc. review denied*, 301 N.C. 99, 273 S.E.2d 304 (1980). "The breach of any single valid condition upon which the sentence was suspended will support an order activating the sentence." *State v. Braswell*, 283 N.C. 332, 337,

196 S.E.2d 185, 188 (1973) (citation omitted). Further, a defendant must demonstrate prejudice as a result of any allegedly improper grounds found to revoke probation. *State v. Belcher*, 173 N.C. App. 620, 625, 619 S.E.2d 567, 570 (2005).

In this case, the trial court properly revoked defendant's probation based on her admission that she willfully violated a valid condition of probation. Defendant contends that the trial court revoked her probation based on her positive drug screen rather than on a violation of a valid condition of probation, but the trial court made a specific written finding that it revoked probation based on the allegation that defendant had absconded from probation. Defendant admitted to the alleged violation at the revocation hearing. Thus, the trial court acted well within its discretion when it revoked defendant's probation, and we affirm the judgment revoking probation.

Affirmed.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).