STATE OF NORTH CAROLINA v. ROGER DALE HOWELL

No. COA06-1473

(Filed 3 July 2007)

**1. Probation and Parole— revocation—unconstitutional condition—sufficient other violations**

The revocation of defendant's probation was not in error even though the conditions of his probation included an unconstitutional requirement of admission of culpability, because it was clear that defendant violated numerous other conditions of his probation warranting revocation.

**2. Constitutional Law— effective assistance of counsel—probation revocation—no bearing on outcome**

Defendant's assistance of counsel was effective in a probation revocation where defendant pointed to the failure of his counsel to object to the unconstitutional probation condition that he admit responsibility for the offenses, but the record clearly shows violation of several other unrelated conditions. It cannot be said that the outcome of the hearing would have been any different had counsel objected to the condition.

Appeal by defendant from judgments entered 5 June 2006 by Judge Richard L. Doughton in Gaston County Superior Court. Heard in the Court of Appeals 24 May 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*Glenn Gerding for defendant appellant.*

McCULLOUGH, Judge.

Roger Dale Howell ("defendant") appeals the trial court's decision to revoke his probation and activate six consecutive 6- to eight-month sentences.

On 25 November 2002, defendant was convicted by a jury of 43 counts of third-degree sexual exploitation of a minor. The trial judge sentenced defendant consistent with the jury verdict to six consecutive 6- to 8-month terms of imprisonment.[1] The sentences were there-

1. In this Court's opinion in *State v. Howell*, 169 N.C. App. 58, 60, 609 S.E.2d 417, 418 (2005), the Court made a clerical error in stating that defendant was originally sentenced to six consecutive terms of imprisonment of 6 to 8 **years**. The judgments in the

**STATE v. HOWELL**

[184 N.C. App. 369 (2007)]

after suspended and defendant was placed on supervised probation for 60 months. Defendant appealed such convictions and sentences and this Court found no error on appeal. *State v. Howell*, 169 N.C. App. 58, 609 S.E.2d 417 (2005).

On 11 October 2005, defendant's probation officer, Shana Withers, filed a probation violation report with the Gaston County Clerk of Superior Court for each of defendant's six cases of probation citing the following violation:

> Special conditions of supervised probation for sexual offenders #6 in that the defendant is to participate in a sexual abuse treatment program approved by the supervising officer and complete the same to the satisfaction of the treatment provider. Fully comply with all program requirements. Program participation is defined as attending all meetings, prompt payment of fees, admission of responsibility for his offense and progress toward reasonable treatment goals. The defendant was terminated from such treatment on 08/24/05 due to his refusal to meaningfully participate in group sessions, he would not interact unless pushed and would attempt to retry his case. It is the opinion of the treatment provider that the defendant is not amenable to outpatient treatment at this time.

At the probation revocation hearing, defendant denied the willfulness of any violations. The lower court found that defendant willfully and without just excuse violated the terms and conditions of probation, revoked defendant's probation, and activated his sentences. Defendant appeals.

**[1]** Defendant contends on appeal that the revocation of his probation was in error where it was revoked on the violation of an unconstitutional condition of probation.

In the instant case, the lower court set forth several special conditions of defendant's probation including:

6. Participate in a sexual abuse treatment program approved by the supervising officer and complete the same to the satisfaction of the treatment provider. Fully comply with all program requirements. Program participation is defined as attendance at all meetings, prompt payment of fees, admission of respon-

---

instant case clearly show that defendant was sentenced to six consecutive terms of 6 to 8 **months'** imprisonment.

sibility for his/her offense and progress toward reasonable treatment goals.

We recognize that this Court has held that under N.C. Gen. Stat. § 15A-1446 the issue of whether a sentence "was illegally imposed, or is otherwise invalid as a matter of law" may be addressed on appeal even though no objection, exception or motion has been made at the trial level. N.C. Gen. Stat. § 15A-1446(d)(18) (2005); *see In re T.R.B.*, 157 N.C. App. 609, 619, 582 S.E.2d 279, 286 (2003), *disc. review improvidently allowed and appeal dismissed*, 358 N.C. 370, 595 S.E.2d 146 (2004). In *T.R.B.*, this Court held that the imposition of a special condition of probation requiring a defendant to admit culpability for the crimes charged violated a defendant's constitutional right against self-incrimination, and the lower court was in error to impose such condition. *Id.* at 622, 582 S.E.2d at 288. However, we need not address the issue on appeal in the instant case where the record is replete with evidence amounting to sufficient violations to warrant revocation of probation. *See id.* at 622-23, 582 S.E.2d at 288 ("Our holding does not prevent a court from revoking probation based upon a probationer's overall failure to participate in a validly required program simply because one aspect of the probationer's refusal to cooperate is an unwillingness to admit responsibility for his offense.").

The probation violation report clearly stated that defendant was terminated from sexual abuse treatment for refusal to meaningfully participate in group sessions, refusing to interact unless pushed and attempting to retry his case during group sessions. Defendant's probation officer testified that defendant informed her that he had no interest in hearing anything that the treatment provider, Mr. Navarro, had to say and that the others in the program just learned to say things in the way the provider wanted to hear them and he would not comply with that. Further defendant testified that he was terminated from the program for failing to communicate enough during the group sessions. In addition, the record reveals that defendant refused to attend any meetings for the sexual abuse treatment program in August 2005 and has not attended such since that time.

Where it is clear that defendant violated numerous conditions of his probation warranting revocation, the imposition of the condition that defendant admit responsibility for his actions was harmless error and therefore this assignment of error is overruled. *See State v. Freeman*, 47 N.C. App. 171, 175-76, 266 S.E.2d 723, 725, *disc. review*

*denied,* 301 N.C. 99, 273 S.E.2d 304 (1980) (stating that it is within the court's discretion to revoke a defendant's probation where it has been shown that a defendant has willfully violated any valid condition of his probation).

[2] Defendant further contends that he received ineffective assistance of counsel at his probation revocation hearing.

To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, *reh'g denied,* 467 U.S. 1267, 82 L. Ed. 2d 864 (1984); *see also State v. Poindexter,* 359 N.C. 287, 290-91, 608 S.E.2d 761, 764 (2005). Deficient performance may be established by showing that "counsel's representation 'fell below an objective standard of reasonableness.' " *Wiggins v. Smith,* 539 U.S. 510, 521, 156 L. Ed. 2d 471, 484 (2003) (citation omitted). Generally, "to establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.* at 534, 156 L. Ed. 2d at 493 (citation omitted).

Defendant contends that his attorney rendered ineffective assistance of counsel by failing to object at the probation revocation hearing to the imposition of the special condition of probation requiring defendant to admit responsibility for the offenses which he was convicted. However, it cannot be said that but for failure of defendant's attorney to object to the special condition of probation, the result of the proceeding would have been different.

As stated *supra,* the evidence of record clearly shows that defendant violated several conditions of his probation unrelated to his admission of responsibility for the commission of the offenses. These violations clearly show that defendant refused to cooperate with the treatment provider thereby thwarting any attempts at reasonable progress. This Court clearly stated in its opinion in *T.R.B.,* that its opinion did not prevent probation revocation where one aspect of the violation was a defendant's refusal to admit responsibility for his offenses. *See T.R.B.,* 157 N.C. App. at 622, 582 S.E.2d at 288. Where defendant effectively failed to participate in the court ordered sexual abuse treatment program as evidenced by

**STATE v. HOWELL**

[184 N.C. App. 369 (2007)]

his failure to participate and communicate, it cannot be said that the outcome of the probation revocation hearing would have been any different had counsel for defendant objected to the aforementioned condition of probation.

Accordingly, the judgment and order of the trial court is affirmed.

Affirmed.

Judges BRYANT and STROUD concur.